[Civil No. 1654.    Filed April 16, 1919.]

[179 Pac. 956.]

## JOSEPH E. LYNCH, Appellant, v. THE ARIZONA ENTERPRISE MINING COMPANY, a Corporation, Appellee.

1. JUDGMENT—DEFAULT—MOTION TO VACATE—DISCRETION OF COURT.—A motion to vacate a default judgment on grounds of surprise, inadvertence and excusable neglect is addressed to trial court's sound discretion, vesting a legal, and not an arbitrary or personal, discretion, and requiring some legal justification for exercise of the power and some substantial evidence to support it.

2. APPEAL AND ERROR — VACATING DEFAULT — DISCRETION OF TRIAL COURT—REVIEW.—Unless there has been an abuse of the trial court's discretionary power on a motion to vacate a default judgment on the grounds of surprise, inadvertence or excusable neglect, the appellate court will not interfere with its action on the motion.

3. JUDGMENT—OPENING DEFAULT—EXCUSABLE NEGLECT.—Under Civil Code of Arizona of 1913, paragraph 600, permitting vacation of a judgment for excusable neglect and in view of paragraph 2100, requiring articles of incorporation to contain names and addresses of corporators and corporation's name and principal place of business, the negligence of a corporation's statutory agent in not notifying it of pendency of a suit against it because "he did not know the address of the company" was not excusable neglect.

4. JUDGMENT—VACATION OF DEFAULT—MERITORIOUS DEFENSE.—A defendant applying to have a default against him set aside must show, not only that he has a meritorious defense, but that he has been without fault in failing to interpose it by plea.

[As to time of granting relief by vacating judgment, see note in 52 Am. St. Rep. 795.]

APPEAL from an order of the Superior Court of the county of Yuma vacating a judgment. Frank Baxter, Judge. Reversed.

Messrs. Cox, Moore & Cox, for Appellant.

Mr. Fred L. Ingraham and Mr. H. Wupperman, for Appellee.

BAKER, J.—This is an appeal from an order vacating a judgment and opening a default. The facts are these: The

plaintiff (the parties will be designated in this court as they were designated in the court below) sued the defendant to recover a judgment for money loaned and for work and labor done and performed. The complaint was filed on November 15, 1917. Summons issued on the day the complaint was filed. The defendant is a corporation, and, in conformity with the statute, had appointed John O. Dunbar, of Phoenix, as its statutory agent, upon whom service of all process might be had. The summons was duly served on the said Dunbar on November 16, 1917. The defendant failed to answer within the time required by the statute, and on December 19, 1917, its default was entered. Thereafter, to wit, on December 28, 1917, proofs were made, and a final judgment against the defendant was entered in the case. On January 19, 1918, the defendant made a motion to vacate and set aside the default judgment, and supported the motion by the affidavit of its president and general manager, and tendered an answer and cross-complaint. The plaintiff resisted the motion and filed counter affidavit. After a hearing on the motion and application, the court granted the same, and made an order vacating the default judgment and allowed the defendant to answer. From this order the plaintiff prosecutes this appeal.

The statute under which the defendant's motion was made is as follows:

"The court may, at any time within six months after the making of entry of any judgment, order or other proceeding, relieve a party from any such judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; or may, for good cause shown, modify or set aside its judgments, orders or proceedings." Paragraph 600, Civil Code 1913.

Two principal grounds are assigned in the motion why the default judgment should be vacated and set aside: (1) Collusion between the plaintiff and his attorneys and the statutory agent to prevent notice of the pendency of the suit from reaching the defendant, so as to allow the plaintiff to take the default judgment; (2) surprise, inadvertence and excusable neglect.

The court made no finding upon the charge of collusion, and it is therefore unnecessary for us to pass upon that issue. The question is not before us.

The court, however, did make a finding upon surprise, inadvertence and excusable neglect. That finding appears in the order vacating the judgment, and it is stated in the following language:

"It appearing to the court that summons was duly served upon the statutory agent of the defendant company, and that said agent failed to apprise said company of said summons, and that thereby and by reason of surprise and inadvertence resulting from such failure of said agent said company failed to make answer within the statutory time, and that such failure on the part of said company, if the same constituted neglect on the part of the defendant, was constructive rather than actual, and therefore excusable."

This finding is based wholly upon the affidavit of the statutory agent which, so far as material, is as follows:

"John O. Dunbar, being first duly sworn, says that he . . . is statutory agent for the Arizona Enterprise Mining Company, a corporation, defendant in the above-entitled action; that at or about the hour of 1:30 o'clock P. M. on the 16th day of November, 1917, he was served as statutory agent for the Arizona Enterprise Mining Company, a corporation, with a copy of said summons and complaint in the above-entitled cause, by Beryl Proutty; that he still has in his possession said copy of said summons and complaint, and has had [it] in his possession since the same was served upon him, for the reason that he did not know the address of the said Arizona Enterprise Mining Company, a corporation, or the address of its officers, and was therefore unable to notify them of the pendency of the above-entitled action."

It is a rule of universal application that a motion to vacate a default judgment on the grounds of surprise, inadvertence and excusable neglect is addressed to the sound discretion of the trial court. Unless there has been an abuse of such discretionary power, the appellate court will not interfere with the action of the trial court in passing upon such motion. But the discretion thus vested in the court is a legal, and not an arbitrary or personal, discretion. There must be some legal justification for the exercise of the power, some substantial evidence to support it. It is said in *Arizona Mining & Trading Co.* v. *Benton,* 12 Ariz. 373, 100 Pac. 952:

"Whether or not a defendant shall be permitted to open a default or set aside a judgment lies in the wise discretion

of the trial court, but the determination in that respect is to be based upon a proper presentation by the moving party, first, of sufficient grounds to invoke the exercise of the discretion; and, second, of alleged facts sufficient to show *prima facie* a valid defense.''

In *Penryn Land Co.* v. *Akahori,* 37 Cal. App. 14, 173 Pac. 612, it is said:

''However, when the orderly processes of law have been followed and a judgment regularly obtained, there must be some substantial evidence received to excuse, in a legal sense, the inaction of the defendant before the court will be justified in setting at naught its prior determination.''

Can the negligence of the statutory agent in not notifying the defendant of the pendency of the suit because ''he did not know the address of the company'' be considered ''excusable neglect''? We think not. It must be conceded that it was the duty of the agent to promptly forward the summons to the proper officers of the company. There is no showing that he made any effort to ascertain the address of any of the defendant's officers. Nothing of that nature is disclosed. It appears that the principal works of the company are situated at or near Bouse, in the adjoining county, to the one in which the agent resides. Furthermore, the statute requires that the articles of incorporation of every corporation organized under the laws of this state shall contain ''the names, residences, postoffice addresses of the corporators, the name of the corporation, and its principal place of business.'' Civ. Code 1913, par. 2100. These articles are required to be filed in the office of the Arizona Corporation Commission. It is too plain to be questioned that, if the agent had made any reasonable effort to discover the address of any officer of the company, he would have succeeded, and it must be held that he was culpably negligent in not doing so, and that his negligence was the defendant's negligence.

In *Reese Lbr. Co.* v. *Licking Coal & Lbr. Co.,* 156 Ky. 723, 161 S. W. 1124, it was held that the negligence of an agent is imputable to the principal, and consequently that the failure of an agent appointed by a corporation to receive service of process to notify the corporation of the service, though preventing the corporation from making a defense to the action, was not an unavoidable casualty or misfortune within

the provisions of the statute providing for the vacation of judgments.

In *Bradshaw* v. *Des Moines Ins. Co.*, 154 Iowa, 101, 38 L. R. A. (N. S.) 420, 134 N. W. 628, the statute provided that a default judgment must be set aside where a reasonable excuse was shown for having made the default. In that case service of summons was had upon the agent of the defendant company as provided by statute, but the agent failed to notify the company of such service. It was held that such showing did not constitute excusable neglect, but was, instead, inexcusable neglect. See, also, *Davis* v. *Steuben School Tp. of Warren County*, 19 Ind. App. 694, 50 N. E. 1; *M., K. & T. Ry. Co.* v. *Ellis*, 53 Okl. 264, L. R. A. 1916E, 100, 156 Pac. 226; *Byrnes* v. *American Mutual Fire Ins. Co.*, 114 Iowa, 738, 87 N. W. 699.

On the question of "surprise" we may quote what was said in *M., K. & T. Ry. Co.* v. *Ellis, supra:*

"As regards 'accident or surprise,' no doubt, the defendant was surprised upon learning that default judgment had been taken against it; but the surprise, if it resulted from learning of the judgment, was due to the negligence of its agent in not notifying the proper officers of the company of the service of the summons. Such negligence is imputed to the company."

We need not consider whether the defendant's proposed answer constitutes a meritorious defense. A defendant applying to have a default against him set aside must show not only that he has a meritorious defense, but that he has been without fault in failing to interpose it by plea. This, as we have just seen, the defendant failed to do.

We are loath to disturb any order of the lower court based upon the exercise of its discretionary power, but feel that a failure to do so in the case at bar would set a precedent that would imperil the safety of every default judgment, however regularly obtained, where the summons had been served on the defendant's statutory agent.

The order of the lower court must be reversed.

CUNNINGHAM, C. J., and ROSS, J., concur.