[Civil No. 2061. Filed March 20, 1923.]

[213 Pac. 390.]

# G. E. GARNER, Appellant, v. O. L. TOWLER, CASA GRANDE VALLEY BANK, a Corporation, CASA GRANDE GINNING COMPANY, a Corporation, Appellees.

1. JUDGMENT—WHERE MONDAY WAS LAW DAY, PARTY MIGHT ASSUME DECISION ON DEMURRER WOULD NOT BE MADE UNTIL THEN.— Where the rules of a trial court made every Monday law day, on which all matters then pending would be disposed of, counsel held warranted in relying upon that rule and in presuming that it will be followed unless informed to the contrary.

2. JUDGMENT—PROPER TO SET ASIDE DEFAULT ENTERED PREMATURELY. When default is entered without the fault of the party defaulted, and the cause for the default appears on the record, no showing is required of the party to set aside the default; but he need only to call the court's attention to the wrong and ask to be relieved, and hence, where decision on demurrer to a complaint was reserved for a subsequent date, but prior thereto, the court without notice ordered defendant's demurrer overruled and the clerk entered a default judgment, it was proper to set it aside.

3. MOTIONS—IF RULING ON MATTER BE MADE ON DAY OTHER THAN LAW DAY, COURT SHOULD NOTIFY COUNSEL.—When by the rules of a trial court a certain day is made law day, on which all matters pending are disposed of, but the court proposes to make a ruling on some other day, counsel interested in cases to be affected by the court's action should be notified in advance so that they may be present in court when the ruling is made upon which the rights of their clients depend.

APPEAL from an order of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Order affirmed.

Mr. A. Y. Moore, for Appellant.

Messrs. Elliott & Swenson and Mr. Robert Denton, for Appellees.

---

3. Reliance upon receiving notice from opposing counsel as excuse for default, see note in 4 L. R. A. (N. S.) 196.

See 23 Cyc. 924, 938; 28 Cyc. 15.

LYMAN, J.—This is an appeal from an order set-
ting aside a default and judgment.

A demurrer to an amended complaint was argued
and submitted on April 19, 1922, and decision re-
served for some later date not announced. On
Wednesday, April 26th, the court, without notice of
its intention, or subsequently conveyed, ordered the
demurrer overruled. Upon the following Friday, the
clerk of the court, upon application of appellant,
entered the default of the appellee, because no answer
stood to the complaint, and the time for answer had
expired. On the next day there was an order for
judgment. On May 4th following, appellee filed a
motion, with supporting affidavit, to set aside the
default, which was allowed four days later.

It appears from the record that the rules of the
trial court provide that every Monday is law day, and
all law matters then pending are disposed of. The
purpose and effect of the rule, among other things,
is to obviate the necessity of watching the proceed-
ings of court on other days in order to be in-
formed of the disposition made of pending ques-
tions of law. Counsel are, of course, warranted in
relying upon that rule, and in presuming that it will
at all times be followed, unless informed to the con-
trary. Attention is called to the fact that the ruling
upon appellee's demurrer, which had been held in
reserve, was made on a Wednesday. Appellee could
not be expected to be present in court at the time,
nor was he required to be on guard against the ex-
igency of a violation by the court or its own rule.
He had a right to assume that no action would be
taken upon his demurrer before the following day.

When default is entered without the fault of the
party defaulted, and the cause for the default ap-
pears upon the record before the court and made by
the court, no showing is required of the party to set

aside the default. He needs only to call the court's attention to the wrong which has been done, and ask that he be relieved. The appellee did all of that, and the court very promptly and properly allowed the motion. The exigencies of court business and the convenience of litigants sometimes make it advisable to dispose of law matters on other days than Mondays; but under such circumstances counsel interested in cases to be affected by the court's action should be notified in advance of the court's intention, so that they may be present in court when the ruling is made upon which the rights of their clients depend. Otherwise, the court's rule becomes a trap to catch the most wary.

The order setting aside the default and judgment is affirmed.

ROSS, J., and PHELPS, Superior Judge, concur.

---

[Civil No. 2019.   Filed March 20, 1923.]

[213 Pac. 574.]

ON MOTION FOR REHEARING.

For former opinion, see 24 Ariz. 499, 211 Pac. 570.