[Civil No. 2787. Filed February 18, 1929.]

[274 Pac. 776.]

STEVE FALTIS and VIDAK SREDANOVICH, Appellants, v. S. C. COLACHIS and ELEANOR COLACHIS, His Wife, Appellees.

See Appeal and Error, 4 C. J., sec. 2824, p. 839, n. 27.
Courts, 15 C. J., sec. 288, p. 909, n. 8.
Judgments, 34 C. J., sec. 525, p. 305, n. 70, sec. 527, p. 309, n. 89.
Notice, 46 C. J., sec. 49, p. 552, n. 36.
Trial, 38 Cyc., p. 1281, n. 82.

Messrs. Sutter & Roche, for Appellants.

Messrs. Swenson & Swenson, for Appellees.

LOCKWOOD, C. J.—This is an appeal from an order of the superior court of Maricopa county, denying a motion to set aside a certain judgment rendered in that court. In order that we may properly discuss the matter it is necessary that we state with some particularity the proceedings in the original action in the lower court, as shown by the record before us.

On March 22d, 1928, appellees herein filed their complaint against appellants, summons was duly served, and the latter employed counsel who resided in Cochise county to represent them in the matter. On April 11th a motion to strike various portions of the complaint was filed, which motion was argued and denied on April 17th, counsel for all parties being present, and five days' time was allowed for answer. April 23d, appellants filed a general demurrer to the complaint, which was overruled on Monday, May 7th. June 13th, no further pleadings having been filed by appellants, counsel for appellees appeared, and the minutes show: "This cause comes on regularly for trial before the court without a jury." Various oral and documentary evidence on behalf of appellees was introduced, at the conclusion of which it was ordered the matter was continued subject to call. On June 18th, on motion of counsel for appellees, notice of the pendency of which motion was received by counsel for appellants June 15th, a formal order was entered, setting the case for trial June 25th. On June 25th appellees appeared, but there was no appearance for appellants. Evidence was introduced on behalf of the former, and at the conclusion thereof it was ordered that appellees have judgment as prayed for in the com-

plaint. On July 9th a motion to vacate the judgment under paragraph 600, Revised Statutes of Arizona of 1913, Civil Code, on the ground that the judgment was obtained through the mistake, inadvertence, surprise, and excusable neglect of appellants and their attorneys, duly supported by affidavits setting up a meritorious defense, was filed. On July 16th, the matter was presented to the trial court and argued, all parties being duly represented, and the motion was denied. From this order an appeal has been taken.

Briefly stated, it is the contention of appellants that, after the filing of their general demurrer on April 23d, they had no legal notice that the demurrer had been overruled, or that the case was at issue, or could or would be tried, until after the issue of an execution upon the judgment of June 25th, and that a refusal to set aside a judgment obtained under such conditions was an abuse of the discretion of the trial court.

In all proceedings in a court of justice the parties to the litigation are entitled to notice, actual or constructive, of every step to be taken in the cases in which they are interested, and, if anything be done affecting their rights without such notice, and they apply in a timely manner for redress, it is an abuse of discretion for the trial court to refuse to grant it. *Garner* v. *Towler,* 25 Ariz. 101, 213 Pac. 390; 42 C. J. 480, 481.

On the other hand, if parties have notice of any contemplated action, and, without a sufficient excuse, neglect to appear and protect their rights, they cannot complain of any order or judgment rendered against them. *Redding Gold & Copper Min. Co.* v. *National Surety Co.,* 18 Cal. App. 488, 123 Pac. 544.

As was stated in the case of *Lynch* v. *Arizona Enterprise Mining Co.,* 20 Ariz. 250, 179 Pac. 956;

"A defendant applying to have a default against him set aside must show, not only that he has a meritorious defense, but that he has been without fault in failing to interpose it by plea."

It is obviously impracticable that all litigants be present at every session of the court in which an action affecting their interests is pending, and it is therefore general that some regular method is established whereby the parties may know the times when matters in which they are concerned will be presented. This is usually covered by some specific rule of the court or else by long-established custom. The superior court of Maricopa county is vested by statute with the right of making rules for the governance of its own business, and, in the exercise of this power, it has provided as follows:

"Law and Motion Day.

"1. Every Monday shall be Law and Motion Day.

"2. *Ex parte* matters will be in order at all times during Court Hours, except when the Court is engaged in the trial of an issue or the hearing of an argument. All other pleas, motions and demurrers shall be heard on Law and Motion Day, except as hereinafter provided.

"3. Every Friday the Clerk of this Court shall make up and post Ordinary and Special Law and Motion Calendars for the succeeding Law and Motion Day, and shall place thereon each plea, motion and demurrer filed previous to the day of compilation, except *ex parte* matters.

"4. All pleas, motions and demurrers shall initially be placed upon the Ordinary Law and Motion Calendar. . . .

"5. All pleas, motions and demurrers placed upon the calendar shall be heard on the calendar called except where service has not been made, or where such pleas, motions or demurrers are passed by consent of counsel."

There is no provision in the rules that notice of the regular Monday call of the calendar or of cases

being placed thereon be given to counsel except by posting on the list, nor is it the custom of the court or the clerk thereof to send out any notice whatever of this call or any action taken thereon.

Rules adopted by the court, so far as they are not repugnant to the organic laws, have all the effect of law, and must be complied with. 15 C. J. 909. And all counsel practicing before the court are of course bound to take notice of its rules, whether they reside in the same county as that in which the court sits or in some other county of the state. *Dusy* v. *Prudom,* 95 Cal. 646, 30 Pac. 798; *Advance Veneer & Lumber Co.* v. *Hornaday,* 49 Ind. App. 83, 96 N. E. 784.

Counsel for appellants were therefore advised that their demurrer, filed April 23d, would be called up for hearing at the regular call of the law and motion calendar each Monday thereafter until disposed of, and were bound at their peril to watch the call of such calendar to determine what action had been taken thereon. They admit there is no provision in the rules of the superior court of Maricopa county requiring that they be given notice of the action taken by the court on any matters pending, and that there is no custom in said county requiring the clerk or any other person connected with the court to give it, but urge that it has for many years been the custom in the county of their residence that such notice be given counsel by the clerk of the court, and that, therefore, failure on their part to watch the calendar of the court in Maricopa county was excusable.

Such a plea would be entitled to great consideration upon the issue of excusable neglect, were it not for two facts. Although the custom in Cochise county is as stated by counsel for appellants, yet it is merely a custom and not a rule of the court, and the writer of this opinion, while sitting as presiding judge of the superior court of Cochise county, stated

repeatedly from the bench in that county that such custom was merely a courtesy, and not a rule, and could not be relied upon by counsel in case of their failure to watch the progress of their cases upon the regular calendar as provided by the rules. But, even if the custom in Cochise county be considered as being an excuse under ordinary circumstances, it appears from the record in this case that on or about the fifteenth day of June the attorneys for appellants received from the attorneys for appellees, the following notice and motion:

"To Messrs. Sutter & Roche, Attorneys for Steve Faltis and Vidak Sredanovich:

"Please take notice that on Monday, June 18, 1928, at 3 o'clock P. M., or as soon thereafter as counsel may be heard, I shall appear before his Honor, Judge Dudley W. Windes, in Division 3, in the room usually occupied by him as a court room in the Court House at Third Avenue and Adams Street, Phoenix, Arizona, and ask that the above-entitled cause be set down for hearing at an early date.

"F. H. SWENSON,
"Attorney for Plaintiffs.

"Motion.

"Comes now the plaintiffs and show to the court that the above-entitled cause is at issue and move the court for an early trial setting.

"F. H. SWENSON,
"Attorney for Plaintiffs."

It would certainly appear that this was ample at least to put appellants' counsel upon notice and inquiry, and that due diligence would require either an attendance in the superior court of Maricopa county on the 18th of June, or at the very least an investigation of the state of the record. It is urged that we have previously held a case may not be set until it is at issue, and that counsel, not having received notice their demurrer was overruled, had the right to as-

sume the case was not at issue, and therefore would not be set for trial. The case was at issue when the demurrer was overruled, in the absence of further pleadings, and, while it is true that appellants could have filed an answer as of right at any time before the case was regularly set for trial, they did not do so. Nor was it necessary for the trial court, in overruling the demurrer, to allow a specific time for answer, the statute not requiring this.

Motions to set aside judgments are matters peculiarly within the discretion of the trial court, and appellate courts will not reverse the action of the former except upon a showing that its discretion was abused. Counsel for appellants have cited to us many cases in which a refusal of the trial court to set aside its judgment has been reversed by the appellate tribunal. Every case must stand upon its own facts, and it is of little value as a precedent in another case involving different circumstances. We think the general rule under circumstances like those in the present case is well set forth in *Garner* v. *Towler, supra,* as follows:

"It appears from the record that the rules of the trial court provide that every Monday is law day, and all law matters then pending are disposed of. The purpose and effect of the rule, among other things, is to obviate the necessity of watching the proceedings of court on other days in order to be informed of the disposition made of pending questions of law. Counsel are, of course, warranted in relying upon that rule, and in presuming that it will at all times be followed, unless informed to the contrary. Attention is called to the fact that the ruling upon appellee's demurrer, which had been held in reserve, was made on a Wednesday. Appellee could not be expected to be present in court at the time, nor was he required to be on guard against the exigency of a violation by the court of its own rule. He had a right to assume that no action would be taken upon his demurrer before the following day.

"When default is entered without the fault of the party defaulted, and the cause for the default appears upon the record before the court and made by the court, no showing is required of the party to set aside the default. He needs only to call the court's attention to the wrong which has been done, and ask that he be relieved. The appellee did all of that, and the court very promptly and properly allowed the motion. The exigencies of court business and the convenience of litigants sometimes make it advisable to dispose of law matters on other days than Mondays; but under such circumstances counsel interested in cases to be affected by the court's action should be notified in advance of the court's intention, so that they may be present in court when the ruling is made upon which the rights of their clients depend. Otherwise, the court's rule becomes a trap to catch the most wary."

In that case the rules were not followed, and the court properly set aside the judgment. It appears, on the other hand, in the present case, that the rules were strictly observed, and in addition thereto, counsel for appellants had actual notice from counsel for appellees that the case was at issue and would be urged for trial. To put the matter in a nutshell, counsel, notwithstanding actual notice the case was at issue and urged for trial, relied on the presumption of law that a custom excused compliance with a rule of court, and the presumption of fact that such custom existed. The presumption of law was at least doubtful, and that of fact untrue. Under these circumstances, while it might not have been error for the trial court to grant the motion to vacate the judgment on proper terms, we certainly cannot say affirmatively it was an abuse of discretion to deny it.

The order appealed from is affirmed.

McALISTER and ROSS, JJ., concur.