PENN CENTRAL LIGHT & POWER COMPANY, a body corporate, *v.* CENTRAL EASTERN POWER COMPANY, a body corporate.

(*January* 3, 1934.)

LAYTON, C. J., HARRINGTON and RODNEY, J. J., sitting.

*Charles F. Curley* for petitioner.

*Arthur G. Logan* (of Marvel, Morford, Ward and Logan) for respondent.

Superior Court for New Castle County.

LAYTON, C. J., delivering the opinion of the Court:

The plaintiff at the March Term, 1933, sued the defendant upon two promissory notes. The record shows that service of process was duly made upon the accredited resident agent of the defendant on February 7, 1933. On April 13, 1933, affidavit of demand having been duly filed in accordance with the statute, judgment was obtained for want of affidavit of defense.

There was no appearance by the defendant.

The defendant alleges that it knew nothing of the suit or judgment until on or about July 11, 1933, and thereafter, during the May Term, 1933, it filed its petition praying that the judgment be opened and that it be let into a trial.

The defendant does not deny that service of process was made upon its resident agent in compliance with *Section* 48 of the *General Corporation Laws* (*Revised Code* 1915, § 1962, as amended by 34 *Del. Laws, c.* 112, § 12), but it avers that it received no copy of the writ or other notice of the suit until after the term of Court, at which the judgment was rendered, had expired, for the reason that the person to whom the agent had been instructed to send writs of summons, and to whom it did send by mail the writ of summons, was not then connected with the defendant company in any capacity, had removed his offices from the place to which the letter had been addressed, and the recipient of the letter containing the writ did not deliver it to the corporation. It alleges in its petition that there is a just and legal defense to the action.

The defendant admits that it is unable to give security for the payment of the judgment with interest and costs as provided by the Statute under the provisions of which the judgment was obtained, *Revised Code* 1915, § 4169, but it contends: (1) Under *Section* 4169, if properly construed, the Court may accept the judgment itself as security by ordering it to remain cautionary; (2) the judgment may be regarded as having been recovered under another sec-

tion, 4089, as a judgment by default after declaration filed and no appearance by the defendant, wherefore, it may have the judgment opened, with no security, any execution thereon to remain cautionary.

The plaintiff contends, *inter alia:*

(1) The power of the Court is exercisable only under *Section* 4169;

(2) That the service of process was properly and legally made is not denied, and the defendant cannot be heard to say that it had no notice or knowledge of the suit as the failure of the resident agent to notify the corporate officers is immaterial.

*Section* 4169 is the statute providing for the rendition of speedy judgments, notwithstanding appearance by the defendant, upon affidavit of demand filed, if no affidavit of defense is interposed. Under this statute judgments cannot be obtained in all causes of action, but only where the suits are based upon instruments in writing for the payment of money, book accounts, recognizances, mortgages and judgments. The material parts of the statute concern (a) the power of the Court to stay execution, (b) to open a judgment obtained under its sanction.

These parts of the statute read as follows:

"And provided also, that upon any judgment under this section a stay of execution for six months shall be granted on security being given by the defendant for the payment of such judgment, with interest and costs, in such form as by the rules of the Court shall be prescribed. * * * In case of security being given as aforesaid by the defendant, the entry of such security shall have all the force and effect of a judgment, and at the expiration of the stay given, the said judgments, with costs, may be collected by execution process sued out jointly or severally against said principal and surety. * * *

"Upon sufficient cause shown, the court may open such judgment and let the defendant into a trial, security being first given, in manner and form as aforesaid, for the payment of such judgment, with interest and costs, as the plaintiff may recover in such action."

*Section* 4089 provides for the rendition of judgments by default in case where the defendant has been duly summoned and has not appeared during the term upon the filing of a declaration by the plaintiff followed by motion for judgment.

The second paragraph of this section is:

"But if the defendant shall, at or before the next term after such judgment, by affidavit deny notice, or knowledge, of such suit before the judgment was rendered, and shall allege that there is a just, or legal, defense to the action, or some part thereof, such judgment shall be taken off and he shall be permitted to appear; any execution which may have been issued thereon to remain cautionary."

The defendant contends that the word "manner" in *Section* 4169 indicates that the Court has discretion as to the kind and nature of the security to be given by a defendant as a prerequisite for the opening of a judgment, and that the kind of security may be the judgment itself standing as security.

The entire section must be read together. The words "manner and form" refer and relate to the security required to be given by the preceding paragraph. This phrase refers to the mode in which the thing is to be done. It does not introduce anything new and no exception is to be implied from the use of these words. The intention of the Legislature is effected by a literal construction. *Acraman v. Herniman*, 16 *Ald. & E.* 1004.

The word "security" must be given its plain and natural meaning. Webster defines it to be "something given or deposited to secure the payment of a debt or the performance of a contract."

Bouvier says it is "that which renders a matter secure; an instrument which renders certain the performance of a contract."

Again, it is defined as that which makes the enjoyment or enforcement of a right more certain and secure. *First*

*Nat. Bank v. Hollingsworth,* 78 *Iowa* 575, 43 *N. W.* 536, 6 *L. R. A.* 92.

As used in the statute, it has the sense of "surety," that is, a bond with surety or sureties. *Goggins v. Jones,* 115 *Ga.* 596, 41 *S. E.* 995.

If the argument of the defendant is sound, the Court may disregard the plain meaning of the language of the statute and declare that no security is required to make safe a judgment obtained under the statute. The Court has no such authority. To open a judgment under *Section* 4169, security must be given, and by security is meant something, in addition to and apart from the judgment itself, which may be relied upon by the plaintiff to make the payment of the judgment more certain and secure.

The defendant suggests and contends that the plaintiff may be regarded as having obtained its judgment under *Section* 4089, and, therefore, the judgment may be opened and it let into a trial without giving security. It insists that all the requisites are present to bring the case within the purview of the section, that it was the defendant in a writ of summons, that it did not appear, that the return shows it was duly summoned, that the plaintiff filed a declaration, i. e., an affidavit of demand, that judgment was taken by default, that it filed an affidavit denying notice or knowledge of the suit and alleging a just and legal defense.

The defendant contends that the word "declaration" should be construed to embrace an affidavit of demand, as the latter is but a short form of declaration, or statement of cause of action.

This argument, at least, has the merit of ingenuity although it does not carry conviction. Undoubtedly an affidavit of demand is a statement of cause of action, but it never has been regarded as a declaration. On the contrary, if an affidavit of defense be filed, the plaintiff, under our

rules and practice, may not rely at all upon the affidavit of demand, but is compelled to file another and different statement of his cause of action in full conformity with common law pleading, which is, and always has been, known as a declaration. We are unable to lend an attentive ear to this argument.

The defendant argues also that the quoted part of *Section* 4089 was never intended to be included as a part of that section applying only to the kind and character of judgments by default embraced within the first paragraph of the section, but was enacted as a separate section, and appeared in the *Revision* of 1852 as *Section* 2241, and was intended to be a general section applicable to all kinds of default judgments. It appears that this section did, in the *Code* of 1852, bear the number 2241, but it was a part of *Section* 3 of *Chapter* 102 of that revision. In the subsequent revisions the numbering of sections was omitted, but this particular paragraph always appeared as a part of *Section* 3 of *Chapter* 102, until the *Code* of 1915, where it exists as a part of *Section* 4089. If it were intended to be a general provision why were the provisions of *Section* 4169 relative to the manner of opening judgments in default of affidavit of defense included? As a matter of statutory history the provisions of both statutes were enacted at the same time and appeared for the first time in the *Code* of 1852.

We are not concerned with the wisdom of policy of the Legislature in providing different methods for the opening of default judgments. Hardships may, and do result, as in the case before us. There seems to be no compelling reason why a judgment by default under *Section* 4169 may not be opened except upon security being given, while no security is necessary under *Section* 4089, but it is a stubborn fact that the Legislature has seen fit to place judgments obtained by affidavit of demand, based upon certain evidences of

debt, upon a safe foundation. It has declared that a judgment obtained by default for want of an affidavit of defense under *Section* 4169 shall not be opened to permit a trial on the merits except upon giving security. It is not in the power of Courts to make the law. *Jus dicere, et non jus dare.* See *Woolley's Prac.,* § 840.

The defendant asks the Court to tear this judgment from its statutory base, *Section* 4169, and to settle it upon a new base, *Section* 4089, so that it will not be required to give the security which it frankly admits it is unable to give. This we cannot do.

■ There is another reason, however, why the relief prayed for cannot be granted even if the judgment had been obtained under *Section* 4089. This section requires the defendant to file an affidavit denying notice or knowledge of the suit. It is admitted that service of process was legally made upon the accredited resident agent of the defendant, in full compliance with *Section* 48 of the *Corporation Law* (as amended by 34 *Del. Laws, c.* 112, § 12).

The service of the writ of summons was complete and legal, and it is immaterial, in the absence of fraud or collusion, that the agent does not communicate the fact of service to the corporation. 14a *C. J.* 804.

The defendant is a citizen of the State of Delaware. The statute requires it to have a resident agent upon whom process may be served. It appointed such agent. Service upon the resident agent is as complete and valid as if the service had been made upon the President or other head officer.

To hold otherwise would be to destroy the effect and meaning of *Section* 48 of the *Corporation Law* (as amended by 34 *Del. Laws, c.* 112, § 12).

It would be the same, if the defendant were a foreign corporation and service of process had been made upon its statutory agent. 1 *Freeman Judgments,* § 346.

In *Freeman on Judgments, Vol.* 3, § 1204, in treating of equitable relief, it is said:

"Consequently even an inequitable judgment will not be set aside nor will its enforcement be enjoined where it was the result of the complaining party's fault or inexcusable neglect. To entitle a party to relief, he must not only show the fraud, mistake or other ground for equitable interference, but it must appear that he was not negligent in failing to discover the real facts in time to prevent the judgment. This principle of diligence is as applicable to a party's agent and representative in the action as to the party himself. Thus, a judgment against an infant will not be set aside merely because of the neglect of his guardian *ad litem* where there was no fraudulent or collusive act by the plaintiff. The same is true with respect to the neglect of a trustee of a school district. And the failure of a corporate agent upon whom service was legally made to inform the executive officers of the defendant of the fact, because of his unwarranted assumption that the service was ineffective, is negligence which defeats relief."

In *Travelers' Protective Ass'n v. Gilbert (C. C. A.),* 111 *F.* 269, 275, 55 *L. R. A.* 538, the Court said:

"We are also of opinion that the misapprehension claimed to exist on the part of Secretary Bass was not such as justified him in not informing the proper executive officers of the pendency of the suit. Even if he did think the marshal would take his advice, and serve some other person, he, with the copy of the summons in his possession, was not justified in the misapprehension claimed for him. He was clearly negligent in not apprising his superior officers of the service as made, and the association, being responsible for his negligence, cannot resort to a court of equity for relief."

See, also, 3 *Fletcher Cyc. Corps., Ch.* 11, §§ 790, 815; *Dixon v. U. S. F. & G. Co. (Tex. Civ. App.),* 293 *S. W.* 291; *Allen v. Dallas & W. R. R. Co.,* 1 *Fed. Cas.,* page 465, *No.* 221; *Tew v. R. I. Coach Co. (R. I.),* 133 *A.* 660; *Lynch v. Arizona, etc., Co.,* 20 *Ariz.* 250, 179 *P.* 956.

The rule is discharged.