[Civil No. 3893.   Filed January 24, 1938.]

[75 Pac. (2d) 373.]

LOTO S. DANIEL and BESSIE J. DANIEL, His Wife, E. C. SEALE and CLARA L. SEALE, His Wife, Appellants, v. H. A. TELFORD and FLORENCE M. TELFORD, His Wife, EDNA A. MUNGER and CHARLES P. MUNGER, Her Husband, Appellees.

Mr. Ziba O. Brown and Mr. E. S. Clark, for Appellants.

Mr. James E. Nelson and Mr. Stephen B. Rayburn, for Appellees.

LOCKWOOD, J.—The record on this appeal presents the following state of facts, and the only question for us to determine is the law applicable thereto.

On the 28th of February, 1936, Loto S. Daniel and Bessie J. Daniel, his wife, E. C. Seale and Clara L. Seale, his wife, hereinafter called plaintiffs, filed a complaint against H. A. Telford and Florence M. Telford, his wife, Edna A. Munger and Charles P. Munger, her husband, hereinafter called defendants, seeking to recover for an alleged breach of contract by

defendants. On the 14th of March the defendants demurred to plaintiffs' complaint. On the 18th of March, apparently on an *ex parte* oral motion, the court extended the time for the filing of answer by defendants until March 28th. On Monday, the 23d of March, being the regular law and motion day of the superior court of Maricopa county, the defendants' demurrer was passed. On March 30th, the next law and motion day, the court ordered that the demurrer be submitted and taken under advisement. So far as the record shows, plaintiffs had never been notified of any of these orders. On the 8th of April, counsel for plaintiffs filed an affidavit which contained the following statement:

"That deponent was not aware of the rule of practice of this court which automatically sets demurrers for hearing, and he supposed that as is the case in other matters, he would be advised of any hearing and be given time to attend; that had he been advised or had he known of the time of hearing, he would have attended and would have been present at the hearing of such demurrers.

"That the said plaintiffs in this case have a good cause of action against the said defendants, and they respectfully ask for an opportunity to present same."

And on the 16th of April he moved for a default against defendants, and that all orders previously made by the court in the premises be vacated. Thereafter, and on April 20th, the court made the following order:

"It is hereby ordered denying Plaintiffs' Motions to vacate the order extending time in which Defendants may answer. It is further ordered allowing Plaintiffs' counsel, ten days in which to file his response to Defendants' motion and demurrers."

And on June 15th the following minute entry appears:

"It is ordered the demurrer of the defendants and each of them to the complaint of plaintiffs is sustained, and Plaintiffs are given fifteen days in which to amend."

Plaintiffs having failed to amend within the 15 days allowed by the preceding order, on July 9th defendants moved for judgment on the pleading, while on July 13th plaintiffs asked leave to amend their complaint, tendering the new complaint, both of which motions were taken under advisement. Thereafter, and on November 23d, the following order was made:

"Come now the Plaintiffs, appearing by their counsel, Z. O. Brown, and the Defendants appear by their counsel, J. E. Nelson. Thereupon it is ordered the motion of the Plaintiffs to permit the filing of an amended complaint is denied.

"It is further ordered the motion of the Defendants and each of them for judgment is granted."

Plaintiffs later moved to vacate the order of November 23d, and on March 15, 1937, such motion was denied, whereupon the following notice of appeal was taken:

"Notice of Appeal from Judgment and Decree.

"Notice is hereby given that the above named plaintiffs, Loto S. Daniel and Bessie J. Daniel his wife, E. C. Seale and Clara L. Seale his wife, appeal to the Supreme Court of the State of Arizona from the judgment and decree rendered in said court in the above entitled cause on the twenty-third day of November, 1936, in favor of the above named defendants, and against the said plaintiffs, and from the whole thereof."

All of the orders above referred to were made on a regular law and motion day fixed by the rules of court, except that of March 18th.

It is the contention of plaintiffs that they were entitled to notice of the time when each and every motion made by defendants would be heard, and also to

notice of each and every order made by the court in the absence of plaintiffs or their counsel, so that they might be advised as to what further steps they should take in the case. They base this contention on the following provisions of the Uniform Rules for the Superior Courts:

"Rule IV (6) Copies of all pleadings except the original complaint must be served on the opposite party, or his attorney in the manner provided by law. Where an *ex parte* order is made, a copy of the same must be served on the adverse party or his attorney within three days after it has been made."

It is the position of defendants that, under the supplemental rules of the superior court of Maricopa county, all parties have constructive notice that any pending pleas, motions and demurrers will be placed upon the calendar for the following law and motion day, and will be heard upon such date, or, if not heard, will be automatically passed to the next law and motion day, and that plaintiffs were, therefore, bound by any orders made by the court on such day, regardless of whether they had any notice of the orders.

We think the situation is governed by the rule laid down by this court in the case of *Faltis* v. *Colachis,* 35 Ariz. 78, 274 Pac. 776, 777, in the following language:

"In all proceedings in a court of justice the parties to the litigation are entitled to notice, actual or constructive, of every step to be taken in the cases in which they are interested, and, if anything be done affecting their rights without such notice, and they apply in a timely manner for redress, it is an abuse of discretion for the trial court to refuse to grant it. [Citing case.]

"On the other hand, if parties have notice of any contemplated action, and, without a sufficient excuse, neglect to appear and protect their rights, they cannot

complain of any order or judgment rendered against them. [Citing case.]

"As was stated in the case of *Lynch* v. *Arizona Enterprise Mining Co.*, 20 Ariz. 250, 179 Pac. 956:

"'A defendant applying to have a default against him set aside must show, not only that he has a meritorious defense, but that he has been without fault in failing to interpose it by plea.'

"It is obviously impracticable that all litigants be present at every session of the court in which an action affecting their interests is pending, and it is therefore general that some regular method is established whereby the parties may know the times when matters in which they are concerned will be presented. This is usually covered by some specific rule of the court or else by long-established custom. The superior court of Maricopa county is vested by statute with the right of making rules for the governance of its own business, and, in the exercise of this power, it has provided as follows:

"'Law and Motion Day.

"'1. Every Monday shall be Law and Motion Day.

"'2. *Ex parte* matters will be in order at all times during Court Hours, except when the Court is engaged in the trial of an issue or the hearing of an argument. All other pleas, motions and demurrers shall be heard on Law and Motion Day, except as hereinafter provided.

"'3. Every Friday the Clerk of this Court shall make up and post Ordinary and Special Law and Motion Calendars for the succeeding Law and Motion Day, and shall place thereon each plea, motion and demurrer filed previous to the day of compilation, except *ex parte* matters.

"'4. All pleas, motions and demurrers shall initially be placed upon the Ordinary Law and Motion Calendar. . . .

"'5. All pleas, motions and demurrers placed upon the calendar shall be heard on the calendar called except where service has not been made, or where such pleas, motions or demurrers are passed by consent of counsel.'

"There is no provision in the rules that notice of the regular Monday call of the calendar or of cases being placed thereon be given to counsel except by posting on the list, nor is it the custom of the court or the clerk thereof to send out any notice whatever of this call or any action taken thereon.

"Rules adopted by the court, so far as they are not repugnant to the organic laws, have all the effect of law, and must be complied with. 15 C. J. 909. And all counsel practicing before the court are of course bound to take notice of its rules, whether they reside in the same county as that in which the court sits or in some other county of the state. [Citing cases.]

"Counsel for appellants were therefore advised that their demurrer, filed April 23d, would be called up for hearing at the regular call of the law and motion calendar each Monday thereafter until disposed of, and were bound at their peril to watch the call of such calendar to determine what action had been taken thereon."

■ The rule referred to in the above-entitled case had been in force and effect for many years before the Uniform Rules were adopted and was not repealed by the latter. It does not appear from the record that plaintiffs did not have notice of the filing of the demurrers. Their contention is, as set forth in their affidavits, that they did not know the rules of the court, and assumed that they would be advised of any hearing on the demurrers and of any ruling thereon. Assuming that, up to the 6th of April, plaintiffs had no knowledge of the rules of court above referred to, it is evident that on the 16th of April they had full knowledge of the court's action on the demurrers, and of the extension of time to answer, and on the 20th of April they were, by the court, granted time to respond to all of defendants' motions and demurrers. It is true that their motion to vacate the order extending time in which the defendants could answer was overruled, but they had had ample notice that under the rules such

motion would be considered on the 20th of April, and had opportunity to present any reasons which they had in support of it. The purpose of the rule requiring copies of all pleadings and *ex parte* orders to be served upon the opposite parties is the very obvious one that they may have notice of proceedings pending. When, therefore, they had an opportunity to appear and be heard on all the matters under consideration, we think it would be foolish, indeed, to require the other parties to go through the solemn form of renewing their motions, and then having the court again make the ruling which it did. The matters in dispute were submitted to the court on April 20th, and on that date the court, in its discretion, decided that defendants should have an extension of time for answer, and permitted plaintiffs to reply to the demurrer in any manner which they thought proper. Apparently, notwithstanding that at this time at least they must have had knowledge of the rules of court, they did not take advantage of their opportunity to reply to the demurrers, but let the matter lie in abeyance for another 25 days, when the demurrers were sustained, and plaintiffs given 15 days to amend. Some 3 weeks later, no amended complaint having been filed, defendants moved for judgment on the pleadings. Plaintiffs asked a further extension of time to file an amended complaint. At this time, as is shown by their motion, they were advised that defendants had asked for judgment on the pleadings. On the 20th of July both of these motions were taken under advisement, and it was not until the 23d of November that plaintiffs' motion for permission to file an amended complaint was denied, and defendants' motion for judgment was granted.

It appears to us that the record shows affirmatively that plaintiffs were fully advised, after the 16th of

April, of the necessity of watching the law and motion calendar of Maricopa county each Monday to see if any of the motions in which they were interested were to come up. Notwithstanding this, and in spite of the fact that the court gave them ample opportunity to reply to the demurrers, and after they were sustained, to file an amended complaint, they wholly failed and neglected to take any action within the time fixed by the court. We have compared the original and the amended complaint, and, while the language is not identical, we cannot see where the two differ in the issues of law raised. Under such circumstances, we are of the opinion that the court did not err in finally refusing to permit the amended complaint to be filed. *Miller* v. *Arizona Bank,* 45 Ariz. 297, 43 Pac. (2d) 518. The real question is whether it is the duty of counsel to watch their cases in courts where a regular day is fixed by rule for hearing the various questions which may arise, or whether it is the duty of the court or opposing counsel to give advance notice that matters will be called up for hearing on such date. We have passed on this question in the case of *Faltis* v. *Colachis, supra,* and see no reason for departing from the conclusion we have reached therein.

But even if error had been committed by the court in any of its rulings and orders above referred to, the appeal cannot be sustained. The record shows affirmatively that no final judgment has ever been entered in the case. The most that has been done was on November 23, 1936, the court made an order which, under the Uniform Rules for the Superior Courts and the decision of this court in *Moulton* v. *Smith,* 23 Ariz. 319, 203 Pac. 562, could amount to nothing at the most except a notice to counsel that, upon the compliance with rule VII of the Uniform Rules, judgment would be properly rendered. There having been no final

206

judgment rendered, the appeal was prematurely taken and must be dismissed.

It is so ordered.

McALISTER, C. J., and ROSS, J., concur.