NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DALE HAHNE and KRISTI HAHNE, a married couple, individually and
on behalf of NICHOLAS HAHNE, a minor, *Plaintiffs/Appellants*,

*v.*

AZ AIR TIME, LLC dba ARIZONA AIR TIME, an Arizona corporation,
*Defendant/Appellee*.

No. 1 CA-CV 14-0586
FILED 03-22-2016

Appeal from the Superior Court in Maricopa County
No. CV2013-008958
The Honorable Lori L. Horn Bustamante, Judge
The Honorable Colleen L. French, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Lewis Law Firm, PLC, Phoenix
By Robert K. Lewis, Christopher A. Treadway

Pokora Law, PLC
By Amy M. Pokora
*Co-Counsel for Plaintiffs/Appellants*

Schneider & Onofry, PC, Phoenix
By Charles D. Onofry, Luane Rosen
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

**¶1**        Dale Hahne and Kristi Hahne ("Appellants") challenge the order vacating their default judgment against AZ Air Time, LLC ("AZ Air Time"). For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        AZ Air Time operates indoor trampoline parks. Appellants sued AZ Air Time after their minor child suffered injuries while using a trampoline at one of its parks. The summons, complaint, and certificate of arbitration were given to a process server, and were, according to the amended certificate of service, served on Hannah Stone ("Hannah"), later identified as the adult daughter of Cynthia Rose-Martin ("Rose-Martin"), the statutory agent for AZ Air Time.[2] Rose-Martin was not served because she was out-of-state. As a result, AZ Air Time did not answer the complaint.

**¶3**        Appellants filed an application for entry of default in August 2013. They filed their motion to enter default judgment five months later and, following a January 2014 hearing, the superior court entered a $215,000 default judgment against AZ Air Time.

**¶4**        AZ Air Time moved to set aside the judgment four months later, arguing the judgment was void because it had not been properly served and, as a result, the court lacked personal jurisdiction to enter the judgment. After briefing and argument, the superior court agreed and set aside the judgment. In the ruling, the court found that there was "no

---

[1] "We view the facts in the light most favorable to upholding the trial court's ruling on a motion to set aside a default judgment." *Ezell v. Quon*, 224 Ariz. 532, 534, ¶ 2, 233 P.3d 645, 647 (App. 2010).

[2] The original certificate of service stated the process server served Rose-Martin.

evidence in this case demonstrating that the person who accepted service was a member or otherwise officially affiliated with Defendant AZ Air Time LLC, or that she had authority to accept service on the part of the statutory agent for that defendant." Appellants appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).[3]

## DISCUSSION

**¶5** Appellants argue the superior court abused its discretion by finding that service of process was improper. Alternatively, they argue Rose-Martin's negligence should be imputed to AZ Air Time, and that the motion to set aside the default judgment was untimely.

**¶6** We have long held that proper service of process is essential for the court to have jurisdiction over a defendant. *Koven v. Saberdyne Sys., Inc.*, 128 Ariz. 318, 321, 625 P.2d 907, 910 (App. 1980) (citation omitted). If service of process was improper, any resulting judgment is void. *Kadota v. Hosogai*, 125 Ariz. 131, 134, 608 P.2d 68, 71 (App. 1980). As a result, we review a ruling setting aside a default judgment for an abuse of discretion. *Barlage v. Valentine*, 210 Ariz. 270, 273, ¶ 5, 110 P.3d 371, 374 (App. 2005) (citing *Cockerham v. Zikratch*, 127 Ariz. 230, 233, 619 P.2d 739, 742 (1980)). An abuse of discretion occurs if the court sets aside a default judgment without "[s]ome legal justification." *Cockerham*, 127 Ariz. at 233, 619 P.2d at 742 (citation omitted). If the court decides a factual issue in reaching its conclusion, we will not reweigh the evidence, "second-guess or substitute our judgment for that of the trial court." *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 218, ¶ 7, 994 P.2d 1030, 1033 (App. 2000) (citation omitted).

## A. Insufficient Service of Process

**¶7** Appellants claim service was proper because Hannah was factually and legally authorized to accept service on behalf of Rose-Martin and, as a result, that service on AZ Air Time was proper. We disagree.

**¶8** AZ Air Time is a limited liability company, and service of process on a limited liability company can only be accomplished as directed by A.R.S. § 29-606[4] or Arizona Rule of Civil Procedure ("Rule") 4.1(i). Section 29-606 provides that service can be on the statutory agent appointed

---

[3] We cite to the current version of the statute unless otherwise noted.

[4] Although both Appellants and AZ Air Time cite to the statutory agent provision for corporations, A.R.S. § 10-504(A), we focus on § 29-606(A), which governs service of process for limited liability companies.

by the limited liability company, on a manager of the limited liability company, or if the "company fails to appoint or maintain a statutory agent at the address shown on the records of the [corporation] commission,"[5] then "the commission is an agent of the limited liability company on whom any process . . . may be served."  A.R.S. § 29-606(A)-(B).  Rule 4.1(i) provides that service can be accomplished "by delivering a copy of the summons and of the pleading to a partner, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."  Together, the statute and rule provide a road map of who must be served with process to secure jurisdiction over a limited liability company.

¶9        Here, AZ Air Time challenged the service of process as part of its motion to set aside the default judgment.  The court reviewed the pleadings and attachments, including the process server's original and amended certificate of service, the declarations of Rose-Martin, Hannah, and others, as well as the deposition testimony of the process server.  The process server testified that he was walking towards Rose-Martin's office, Executive Professional Insurance Consultants, when Hannah and her sister approached him in the parking lot, and one of them asked, "[C]an I help you?"  He said he was looking for AZ Air Time, and they responded, "[T]hat's us."  He then served Hannah because she claimed to be a member of AZ Air Time and he believed her, though the affidavit of service stated she was the statutory agent.  The amended affidavit of service stated he "[s]erved Cynthia Rose-Martin, Statutory Agent, by serving on Hannah Stone, Customer Service Representative, appointed and authorized to accept service in the State of Arizona by Cynthia Rose-Martin."  However, the court found that the process server's deposition testimony contradicted his amended affidavit by clear and convincing evidence given that there was no evidence that Hannah was authorized to accept service for the statutory agent.  *See, e.g.*, *Fiesta Mall Venture v. Mecham Recall Comm.*, 159 Ariz. 371, 377, 767 P.2d 719, 725 (App. 1988) (noting that "the express purpose of a statutory agent is to receive notice or service of process").

¶10       The parties do not dispute that service on Hannah was not service on the statutory agent, partner, officer, managing agent, or general agent of AZ Air Time.  Appellants argue, however, that she was "authorized" to accept service. We find no factual support for the argument because Hannah was not appointed by the limited liability company as its agent for any purpose. *See* A.R.S. § 29-604(A)(2).  Nor is there any evidence

_____

[5] The "commission" is defined at A.R.S. § 29-601(4) to mean "the corporation commission."

that Hannah was appointed as the statutory agent or accepted the role of statutory agent. *See* A.R.S. § 29-604(B) ("[u]nless the statutory agent signed the document making the appointment, the appointment of a statutory agent or a successor statutory agent *on whom process may be served is not effective* until the agent delivers a statement in writing to the commission accepting the appointment." (emphasis added)).

**¶11**  Moreover, Appellants have not provided any legal authority for their proposition that a designated statutory agent for a limited liability company can, without the principal's consent, delegate his or her authority to be served and, in doing so, bind the principal. Although Appellants correctly note that an individual can be served at her usual place of abode by leaving the summons and complaint with a person at that location of suitable age and discretion, Ariz. R. Civ. P. 4.1(d), the same cannot be said for a limited liability company given the restrictive language of Rule 4.1(i).

**¶12**  Moreover, even if we assume, for the sake of argument, that Rose-Martin could delegate her responsibility as the statutory agent to Hannah, there is simply no evidence that Rose-Martin delegated her responsibility. Appellants contend that an alleged phone call between Rose-Martin's office and a paralegal from Appellants' attorney in 2013 provides evidence that Rose-Martin had authorized Hannah to accept service. But knowledge about a pending lawsuit "will not operate to cure a defect in service." *Smith v. Smith*, 117 Ariz. 249, 252, 571 P.2d 1045, 1048 (App. 1977) (citations omitted).

**¶13**  Based on the superior court's analysis of the facts and law that Hannah was not authorized to accept service for AZ Air Time, we do not find that the court erred in finding that AZ Air Time had not been served, or by setting aside the default judgment.

**B. Imputation of Negligence**

**¶14**  Relying on *Lynch v. Ariz. Enter. Mining Corp.*, 20 Ariz. 250, 176 P. 956 (1919), Appellants assert that Rose-Martin's failure to "appoint a person authorized to accept service" during her absence constituted negligence that should be imputed to AZ Air Time for purposes of service of process. We disagree.

**¶15**  In *Lynch,* the statutory agent *had* been "duly served*," id.* at 251, 179 P. at 956, and the issue addressed by our supreme court was whether "the negligence of the statutory agent in not notifying the defendant of the pendency of the suit because 'he did not know the address of the company' [could] be considered 'excusable neglect.'" *Id.* at 253, 179 P. at 957.

Consequently, *Lynch* does not support the proposition that a statutory agent who is, or will be, absent from the state has to appoint, or can appoint, an agent, or that the consequences for failing to do so will be that the limited liability company will be deemed negligent.

**C. Timeliness of Motion to Vacate**

¶16 Appellants also contend that the superior court abused its discretion because it did not consider that the motion to set aside the default judgment was untimely. They specifically claim the court "did not address" the delay in its ruling.

¶17 The record demonstrates that the superior court addressed the issue. AZ Air Time sought to set aside the default judgment under Rule 60(c)(4) for lack of proper service. The court, after noting that Rule 60(c)(4) allows a court to set aside a final judgment that is void, cited to *Blair v. Burgener*, 226 Ariz. 213, 245 P.3d 898 (App. 2010), and noted that "[a] party seeking relief from a void judgment need not demonstrate that they acted promptly or that they had a meritorious defense." Because a judgment based on improper service of process is void and can always be challenged, the court did not err.

## COSTS

¶18 AZ Air Time requests its costs on appeal pursuant to A.R.S. § 12-342 and Arizona Rule of Civil Appellate Procedure ("ARCAP") 21. Because it has prevailed on appeal, we award AZ Air Time its costs on appeal subject to compliance with ARCAP 21.

## CONCLUSION

¶19 We affirm the judgment setting aside the default judgment.



Ruth A. Willingham · Clerk of the Court
FILED: RT