Mae A. COHEN and Bernard Cohen,
her husband, Plaintiffs,

v.

BRANDYWINE RACEWAY ASSOCIATION,
a corporation of the State of Delaware, Al
Schwartz, trading as Lincoln Maintenance
Company, Lincoln Maintenance Co., No.
3——, Inc., a corporation of the State of New
York, and Harry M. Stevens, Inc., a cor-
poration of the State of New York, Defend-
ants.

Superior Court of Delaware.

New Castle County.

Jan. 26, 1968.

Howard M. Berg, Wilmington, for plaintiffs.

William D. Bailey, Jr., Wilmington, for defendant Brandywine Raceway Assn.

William T. Lynam, III, Wilmington, for Lincoln Maintenance Co., No. 3, Inc.

James T. McKinstry, Wilmington, for Harry M. Stevens, Inc.

CHRISTIE, Judge.

The question here presented is whether the motion of defendant Harry M. Stevens, Inc., to open a default judgment entered against it on February 13, 1967, should be granted.

The Court finds the following to be the facts of the case. Mr. & Mrs. Cohen, as plaintiffs sued Brandywine Raceway Association (hereinafter referred to as Brandywine) as sole defendant on July 11, 1966, for personal injuries sustained by Mrs. Cohen from a fall at Brandywine on May 13, 1966. Brandywine was duly served.

On October 20, 1966, the plaintiffs filed an amended complaint. This complaint named as defendants, in addition to Brandywine, "Al Schwartz, trading as Lincoln Maintenance Company, Lincoln Maintenance Co., No. 3—, Inc., a corporation of the State of New York, and Harry M. Stevens, Inc., a corporation of the State of New York." Lincoln Maintenance Company was duly served.

A sheriff's return filed November 15, 1966, showed non sunt-inventi as to Brandywine and showed service on Stevens, Inc.,

> "by leaving a true copy of the within writ and a copy of the amended complaint with Shirley Livesay, Assistant Secretary of the Corporation Trust Company resident agent in the State of Delaware for the Harry M. Stevens, Inc. . . on the 27th day of October, A.D.1966"

When the sheriff's deputy served the process papers he was acting upon instructions from the sheriff's office to serve Corporation Trust Company as agent for Stevens, Inc., and to serve Brandywine through its President, Mr. Howard Miller.

As to the service on Stevens, Inc., Mrs. Livesay of the Corporation Trust Company stated that on October 27, 1966, a deputy from the sheriff's office appeared at the Corporation Trust office for the purpose of serving process. The deputy was referred to Mrs. Livesay, who has the responsibility to receive service of process for Corporation Trust clients.

After receiving the process papers from the deputy Mrs. Livesay did not read the entire caption of the process papers although she later said she should have done so. She did notice the name "Brandywine" because it was the first name in the caption. Knowing that Corporation Trust represented Brandywine, Mrs. Livesay asked the deputy if the service was for Brandywine. Although his exact comment is not known, the deputy seemed to reply in the affirmative. Mrs. Livesay then accepted service. Since she believed service was for Brandywine, she later forwarded the papers to the attorneys for Brandywine which had already been served. She did not forward any papers to Stevens, Inc. for which her company was also resident agent.

Stevens, Inc., was required to answer the complaint within twenty days. About thirty-six days later on December 2, 1966,

since Stevens, Inc., had failed to appear or answer, the plaintiffs moved for default judgment. The Court did not act on the motion, but requested that notice of the motion be given to all parties. On December 13, 1966, another motion for default judgment was filed and this time copies were sent to Corporation Trust Company as resident agent for Stevens, Inc.

Corporation Trust after receiving the motion papers referred them to Mrs. Livesay. Mrs. Livesay reviewed the papers, which included an affidavit on behalf of plaintiffs to the effect that service had been made on Stevens, Inc., by serving Corporation Trust Company as resident agent. To verify this affidavit, Mrs. Livesay checked Corporation Trust Company records and found no record that Stevens, Inc., had been served via service on Corporation Trust Company. She checked records with respect to Brandywine and found that papers had been served on October 27, 1966, which she had treated as papers pertaining to Brandywine. Mrs. Livesay then called the attorney for Stevens, Inc., in New York to report that a motion for default judgment had been filed against Stevens, Inc., and that Corporation Trust had no record that Stevens, Inc., had been served.

Stevens' attorney then telephoned plaintiffs' attorney and advised him that neither he nor his client had any knowledge of the suit, but that he would bring the matter to the attention of the insurance carrier for Stevens, Inc. He also requested the motion for default judgment scheduled for presentation on December 16, 1966, be postponed. This request was granted and the motion was not acted upon on December 16, 1966.

Upon receiving the papers including the motion for default judgment, Stevens' New York attorney forwarded them to the office manager for Stevens, Inc., who was in charge of processing insurance claims.

On December 16, 1966, the office manager received the motion papers. After reading the papers, he placed them on his desk and subsequently misplaced the papers and forgot about them.

During the first part of February, the plaintiffs, not having heard anything further from Stevens, Inc., for the third time noticed a motion for default judgment.

The motion was docketed for presentation before the Superior Court on February 10, 1967, and copies of the motion were again mailed to the Corporation Trust Company. This caused the matter to be brought before Stevens, Inc's., office manager once again, and for the first time he recalled the prior motion. He then located the prior motion papers which were still on his desk. As a result, local counsel for Stevens, Inc., appeared before the Superior Court to oppose the motion for default judgment. The Superior Court granted the default judgment with leave for Stevens to file a motion to vacate or set aside the judgment. On February 17, 1967, Stevens filed a motion to set aside the default judgment. This opinion deals with Stevens' motion to set aside the default judgment.

The defendant contends that there was no service on Stevens because of the representations made to Mrs. Livesay by the sheriff's deputy, and alternatively, if there was effective service on Stevens, Inc., the conduct on the part of its office manager and its attorney constituted excusable neglect under Superior Court Rule 60(b) (1), Del.C.Ann. The plaintiffs on the other hand contend that there was effective service on Stevens, Inc., and also that the conduct of various persons on behalf of Stevens did not constitute excusable neglect.

■ The right to challenge the sufficiency of service of process as being irregular or defective is well settled in Delaware Allder v. Hudson, 9 Terry 489, 106 A.2d 769, 46 A.L.R.2d 1237 (1954); King v. Fisher, 10 Terry 374, 117 A.2d 76 (1955).

■ The plaintiffs rely on the case of Cohen v. Krigstein, 10 Terry 256, 114 A.2d 225 (1955) for the proposition that a sheriff's return, complete and regular on its face, is conclusive upon the parties and, in the absence of fraud, it cannot be set aside on evidence dehors the record, even though the return is attacked before entry of judgment. Judge (now Justice) Herrmann in the *Cohen* case noted his reluctance to reach this conclusion and recognized that the rule was not in accord with modern ideas of procedure. He stated that the reason for the existence of the rule had been lost in the dust of centuries. Later Delaware cases have also been critical of the rule, and have limited its application to its facts. Robins v. Garvine, 37 Del.Ch. 44, 136 A.2d 549 (1957); Bros v. Wilkins, 50 Del. 475, 134 A.2d 636 (1957).

In the *Cohen* case, Judge Herrmann also noted in a footnote that it has been held that the common law rule of conclusiveness must be limited to parties resident in the State. See Vaughn v. Love, 324 Pa. 276, 188 A. 299 (1936). I am of the opinion the rule of conclusiveness announced in the *Cohen* case is not applicable here where the veracity of the deputy sheriff is not the issue raised and where defendant is a corporation.

■ Under the circumstances here present I regard the sheriff's return as prima facie evidence of the facts stated therein. Strong and convincing proof is required to rebut the presumption of its verity. This is the rule followed in many jurisdictions. Tate v. Kelly, D.C.Mun.App., 129 A.2d 855 (1957); Lavino v. Jamison, 9 Cir. 230 F.2d 909; Hicklin v. Edwards, 8 Cir., 226 F.2d 410; Cleaves v. Funk, 10 Cir. 76 F.2d 828; Rhodes v. Valley Greyhound Lines, 98 Ohio App. 187, 128 N.E.2d 824.

■ The issue, then, is whether the moving defendant has been able to overcome the presumption of regularity. The record indicates Mrs. Livesay understood the service to be for Brandywine and not for Stevens, Inc. I find this misunderstanding to have no effect on an otherwise valid service of process. The validity of service on a corporation must turn upon what is written on the paper served and not upon any oral representations made by the one serving the paper.

■ Mrs. Livesay testified that she did not read the caption on the service papers, nor did she check the Corporation Trust Company records to determine if Corporation Trust represented Stevens, Inc. A corporation which represents more than one corporation as resident agent must exercise reasonable care in receiving process to determine who is being served. If the agent serves as resident agent for several corporations listed as defendants, the paper should be regarded as having been served on all the named corporations. Compare Tropic Builders, LTD. v. Naval Ammunition Depot Lualualei Quarters, 48 Haw. 306, 402 P.2d 440 (1965).

■ A resident agent receiving process papers must read the caption and independently determine which corporation is being served where more than one corporation is listed in the caption. The agent's failure to do so will not render the service invalid.

■ Where service is complete and legal it is immaterial, in the absence of fraud or collusion, that the agent does not communicate the fact of service to his principal. Penn Central Light & Power Co. v. Central Eastern Power Co., 6 W.W.Harr. 74, 171 A. 332 (1934); Crites v. Photometric Products Corporation, 20 Del.Ch. 10, 169 A. 164 (1933). Under those conditions there is constructive notice of service. Accordingly, Stevens, Inc., cannot be heard to complain it was not served in the pending suit.

■ The second question to be decided is whether the defendant's conduct constituted excusable neglect under Delaware Superior Court Civil Rule 60(b)(1).

A petition to set aside a default judgment is addressed to the sound discretion of the Court. The relief to be granted, if any, must be based upon the consideration of each case and any doubt should be resolved in favor of the petitioner because of the sound public policy favoring determination of actions on the merits. Model Finance Company v. Barton, 5 Storey 530, 188 A.2d 233 (Super.Ct. 1963).

In considering the exercise of the discretion, the Court must recognize at the same time, both that the objective of legal procedure is the determination of issues upon their merits and that litigants and their counsel may not be allowed with impunity to disregard the process of the Court. Federal Enterprises, Inc. v. Frank Allbritten Motors, Inc., 16 F.R.D. 109 (W.D. Mo.1954).

With the policy of Rule 60(b)(1) in mind, the issue is whether or not the failure to act in this case constitutes excusable neglect.

Carelessness and negligence are not necessarily "excusable neglect". Prell v. Amado, 2 Ariz.App. 35, 406 P.2d 237, 238 (1965); In re Wright, 247 F.Supp. 648 (E.D.Mo.1965). A mere showing of negligence or carelessness without a valid reason may be deemed insufficient. All the surrounding circumstances may be considered in determining the issue. Excusable neglect has been described as that neglect which might have been the act of a reasonably prudent person under the circumstances. Tradesmens Nat'l Bank and Trust Co. v. Cummings, 38 N.J.Super. 1, 118 A.2d 80 (1955).

The defendant contends that the conduct of the office manager constitutes excusable neglect since when he received the papers he was exceptionally busy because of the Christmas season and for this reason he misplaced and forgot the papers. The office manager had handled legal papers often and in this particular instance knew the papers were important although he was unaware of their exact meaning.

The office manager's conduct in misplacing and forgetting about the papers which already then indicated the existence of an emergency cannot be said to constitute excusable neglect where such neglect continued for several weeks.

Assuming that the original thirty-six day delay in filing an answer was a result of excusable neglect on the part of the resident agent, a special duty was cast upon Stevens once the error of its agent was discovered. When excusable neglect has caused a known emergency it is difficult to defend the failure to do anything about the emergency on the ground that there was additional excusable neglect.

If Stevens' New York attorney had any continuing responsibility as to the papers, his inaction cannot be regarded as excusable neglect. After forwarding the papers, even though he knew the exact importance of the papers, he did nothing further to assure compliance with the procedural rules. He did not communicate further with Stevens, the insurance carrier or with plaintiffs' attorney. In short, he did not follow through with the case. Such inaction on his part, without any justifying circumstances, cannot be deemed to be a basis for a finding that the neglect here shown was excusable.

Prior to the time defendant Stevens received notice of demand for default, its failure to answer or appear because of the peculiar circumstances of this case may have made such failure excusable. However, after the defendant had received actual notice, its long inaction from that time, December 15, 1966, to early February, 1967, was not justified as excusable.

Defendant's motion to vacate the default judgment will be denied, but under Dela-

ware practice defendant may appear and be heard as to the extent of damages at an inquisition to be held for that purpose.

It is so ordered.