## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

RONALD L. RITTLER )
)
Plaintiff, )
)
v. )     C.A. No. 07C-09-142 MJB
)
MICHAEL W. BARLOW )
)
)
Defendant. )

**Submitted: May 14, 2014**
**Decided: August 29, 2014**

*Upon Defendant's Motion Seeking Relief from Inquisition Hearing*,
**DENIED**

Steven F. Mones, Esq., The Freibott Law Firm P.A., Attorney for Plaintiff

Michael W. Barlow, *pro se*, 3907 Pine Street, Wilmington, Delaware, 19808

**Brady, J.**

## I. Introduction

On June 24, 2010, John Rittler ("Plaintiff") was awarded a judgment in the amount of $25,000 from Michael Barlow ("Defendant"). Almost three and a half years later, on December 2, 2013, Defendant filed a Motion for Review seeking relief from that judgment because he never received notice of the inquisition hearing where the amount of the judgment was decided. A hearing was held on May 8, 2014 on the Motion, and decision was reserved. For the reasons discussed below, the Defendant's motion is **DENIED.**

## II. Facts

On September 17, 2007, Plaintiff filed a Complaint in this Court seeking damages from Defendant.[1] Although Defendant was properly served with the Complaint, he did not file a responsive pleading nor enter an appearance in the case.[2] Plaintiff moved for default judgment, and Defendant was properly noticed of the Motion.[3] Defendant did not respond. A default judgment was entered against Defendant on March 27, 2008.[4] An inquisition hearing was scheduled for June 14, 2010, to determine the amount of the default judgment.[5] However, because of a clerical error by Court personnel, Defendant did not receive proper notice of the hearing to determine the amount of the default judgment.[6] As a result, Defendant failed to

---

[1] Compl. at 1.
[2] Special Process Server Return of Jan. 18, 2008 (showing Defendant was personally served with the Plaintiff's Complaint on Jan. 15, 2008, at 4:25 p.m.).
[3] Not. of Service of Feb. 11, 2008.
[4] Order of Mar. 27, 2008 at 1 (ordering a default judgment against Defendant on Mar. 27, 2008).
[5] Tr. of Inquisition Hearing, filed Jan. 30, 2014 at 1.
[6] The notice was sent to 203 Michelle Court, Newark DE 19711. The notice was returned to the Court as "not deliverable as addressed/unable to forward." Letter to Michael Barlow, returned May 29, 2010, filed June 2, 2010. Barlow had previously been successfully served at 2 Bent Tree Circle, Hockessin DE 19707. Special Process Server Return of Jan. 18, 2008. Barlow maintains that the Hockessin address is correct. Def's Motion for Review, filed Dec. 2, 2013.

appear at the inquisition hearing.[7]  Following the inquisition hearing, on June 24, 2010, a judgment in the amount of $25,000 plus costs and interest was entered.[8]  On October 8, 2010, less than four months after the inquisition hearing, Defendant attended a deposition in aid of execution.  At the deposition, Defendant was aware of the judgment and the amount.[9]  Defendant stated that he never received notice of the inquisition hearing, but continued with the deposition.[10]

Almost three and a half years after the $25,000 judgment was entered, on December 2, 2013, Defendant filed the subject motion with the Court, seeking to have the judgment set aside, because he did not receive proper notice of the inquisition hearing.[11]  Plaintiff argues that Defendant's motion should be denied, because Defendant did not raise the issue in a timely manner despite having actual knowledge of the judgment against him and the amount of the judgment.[12]

### III. Legal Standard

Under Rule 60(a), "the Court may relieve a party . . . from a final judgment, order, or proceeding for . . . [m]istake, inadvertence, surprise, or excusable neglect."[13]  "Delaware courts afford Rule 60(b) 'liberal construction;'" however, to grant relief, the court must find there was:

> (1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was

---

[7] Tr. of Inquisition Hearing at 6 ("You'll notice Mr. Barlow is not here today.  He hasn't participated at all, other than showing up for a deposition over a year ago.").

[8] Order of June 24, 2020 at 1 (entering judgment in favor of Plaintiff in the amount of $25,000 plus costs and interest).

[9] Barlow Depo. at 5:5-10; 29:16-13.

[10] Barlow Depo. at 5:5-10; 29:16-13.

[11] Def's. Mot. to Vacate J at 1, *Rittler v. Barlow*, (C.A. No. 07C-09-142).

[12] Pl's. Letter in Resp. to Def's. Mot. to Vacate J.

[13] Supr. Ct. Civil Rule 60(b)(1)

2

heard on its merits; and (3) a showing that substantial prejudice will not be suffered by the plaintiff if the motion is granted.[14]

The Court will only consider the second two elements of the three-pronged test "if a satisfactory explanation has been established for failing to answer, e.g. excusable neglect or inadvertence."[15] Excusable neglect has been defined as "neglect which might have been the act of a reasonably prudent person under the circumstances."[16] "A mere showing of negligence or carelessness without a valid reason may be deemed insufficient."[17] "[A] defendant cannot have a judgment vacated where it has 'simply ignored the process.'"[18] Further, it is well established in Delaware that procedural requirements are not relaxed for *pro se* litigants.[19] Therefore, this Court must first determine whether Defendant's failure to act, and any explanation therefore, for three and a half years, after having actual knowledge of the judgment, amounts to excusable neglect.

## IV. Discussion

A party to litigation must act as a reasonably prudent person to protect his interests.[20] Failure to do so may disqualify the party from certain forms of relief.[21] Unreasonable and unnecessary delay in the filing of a motion is not acting as a reasonably prudent person.[22] Unreasonable delay, absent some other explanation, does not constitute "excusable neglect."[23]

---

[14] *Verizon Delaware, Inc. v. Baldwin Line Constr. Co.*, 2004 WL 838610 at *2 (Del.Super. Ct. April 13, 2004)
[15] *Apt. Cmtys. Corp. v. Martinelli*, 859 A.2d 67, 72 (Del. 2004)
[16] *Battaglia v. Wilmington Sav. Fund Soc'y*, 379 A.2d 1132, 1135 (Del. 1977)
[17] *Cohen v. Brandywine Raceway Ass'n*, 238 A.2d 320, 325 (Del. Super. Ct. 1968).
[18] *Perry v. Wilson*, 2009 WL 1964787, at *1 (Del. Super. Ct. July 17, 2012) (quoting *Mahoney v. Avantix Laboratories, Inc.*, 2007 WL 789440, at *2 (Del. Super. Ct. Mar. 13, 2007)).
[19] *Alston v. State*, 2002 WL 184247, at *1 (Del. Super. Ct. Jan. 28, 2002); *Maddox v. CitiMortgage, Inc.*, 2014 WL 1155312, at *2 (Del. Super. Ct. Feb. 28, 2014).
[20] *Concors Supply Co., Inc. v. Berger*, 1988 WL 130437, at *1 (Del. Super. Ct. Nov. 9, 1988).
[21] *Lewes Dairy, Inc. v. Walpole*, 1996 WL 111130, at *2 (Del. Super. Ct. Jan. 5, 1996).
[22] *Id.*
[23] *Id.*

3

When an error prevents a party from receiving notice of a court proceeding, this may occasion relief from a judgment that is issued as result.[24] However, where the party seeking relief had actual knowledge of the judgment, and where that party failed to act within a reasonable time, the court may deny relief.[25] Moreover, the fact that the original error was due to Court personnel does not excuse the party from his obligation to act as a reasonably prudent person.[26]

In *Lewes Dairy*, the defendants were not provided with notice of the motion for default judgment.[27] A default judgment was entered on May 26, 1993.[28] A subsequent letter dated October 19, 1993 from one defendant's attorney in a related matter indicated awareness of the default judgment.[29] Despite the attorney's October 19, 1993 letter, the defendants claimed that they had no knowledge of the default judgment until July 1994.[30] The defendants filed a motion to vacate the default judgment on March 20, 1995, claiming excusable error as grounds under Superior Court Civil Rule 60.[31]

The court in *Lewes Dairy* found no excusable neglect.[32] The court found that the attorney's October 19, 1993 letter was good evidence that the defendant's were aware of the default judgment at that time.[33] However, even giving the defendants the benefit of the doubt and accepting their contention that they did not know about the judgment until July 1994, the court found that the nine months' delay (between July 1994 and March 20, 1995) in filing the

---

[24] Super. Ct. Civ. R. 60(a); *Lewes Dairy*, 1996 WL 111130, at *1.
[25] *Id.* at *3.
[26] *Solow v. Aspect Resources, LLC*, 2011 WL 3720844, at *1 (Del. Ch. Aug. 11, 2011)
[27] *Lewes Dairy*, 1996 WL 111130, at *1.
[28] *Id.*
[29] A second letter from the same attorney similarly indicated awareness of default judgment. *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.* at *3.
[33] *Id.*

motion was unreasonable.[34]  Because the delay was unreasonable, it did not constitute excusable neglect.[35]

In the instant case, like in *Lewes Dairy*, the defendant did not receive notice of a court proceeding related to a default judgment.[36]  However, in both cases, subsequent interaction between the defendant and the plaintiff revealed that the defendant did become aware of the judgment and the amount of the judgment a significant time before the defendant filed for relief. In *Lewes Dairy*, the delay was roughly nine months, and the court found it to be unreasonable. Similarly, in *Concors Supply Co.*, the court found that a delay of at least six months from the time a defendant learned of the default judgment and when he filed his motion to vacate was unreasonable.[37]

The instant case is more extreme than either *Lewes Dairy* or *Concors*.  In the instant case, there was a delay of over three years between the October 8, 2010 deposition at which time it was clear that Defendant knew of the default judgment and Defendant's December 2, 2013 motion.  Since Defendant has not pointed to any extenuating circumstances that justify such a protracted delay, the Court finds no excusable neglect.  Further, in *Lewes Dairy*, the defendants did not receive notice of the Motion for Default Judgment itself.  In the instant case, Defendant Barlow did receive notice of the Motion for Default Judgment; it was only the subsequent inquisition hearing to determine the *amount* of the judgment of which Defendant was not properly noticed.  Thus, even had his challenge been timely, which the Court finds it was not, Defendant Barlow could have only challenged the amount of the default judgment and not the default judgment itself.

---

[34] *Id.*
[35] *Id.*
[36] Here the Court notes an important from Lewes Dairy in that the Defendants in Lewes Dairy did not receive notice of the Motion for Default Judgment itself.
[37] *Concors Supply Co.*, 1988 WL 130437, at *1.

## IV. Conclusion

Defendant unreasonably delayed in filing any motion to vacate the judgment against him, or affect the amount of the judgment. He waited over three years after he had actual knowledge of the judgment amount before challenging the action.  Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

                                              _____

                                              **M. Jane Brady**
                                              Superior Court Judge