IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTONIO WHITE,

               Plaintiff,

     v.

EASTERN LIFT TRUCK CO., INC.

               Defendant.

:
: C.A. No. K19C-03-048 WLW
:
:
:
:
:
:
:
:
:

Submitted: October 12, 2020
Decided: January 8, 2021

## ORDER

Defendant's Motion to Vacate Default Judgment.
*Denied.*

William D. Fletcher, Jr., Esquire and Gary E. Junge, Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorneys for Plaintiff.

Melissa L. Rhoads, Esquire of Tighe & Cottrell, P.A., Wilmington, Delaware; attorney for Defendant.

WITHAM, R.J.

Before the Court is Defendant Eastern Lift Truck Co., Inc.'s (hereafter "Eastern") Motion to Vacate Default Judgment which was entered by this Court on September 16, 2019. The default judgment was awarded to Plaintiff Antonio White (hereafter "White") for a products liability claim. After review of the parties' motion and response and the case law involved, this Court DENIES Eastern's Motion to Vacate Default Judgment.

### Factual and Procedural History

This case originated as a tort claim brought by White against Eastern for injuries sustained as a result of a faulty forklift. White was employed by Rehrig Pacific Company (hereafter "Rehrig") on the day of the incident giving rise to his claim. Rehrig contracted with Eastern to lease the forklift responsible for White's injuries. This lease included with it a contract requiring Eastern to perform service, repair, and maintenance of the forklift for the life of the lease.

On February 20, 2017, White was injured while operating the forklift. White's operation of the forklift was within the scope of his employment. During the course of White's operation of the forklift, White attempted to stop the forklift while backing up and discovered that the brakes were not functioning properly. This resulted in the forklift becoming uncontrollable and colliding with an air conditioning unit attached to an office. The impact of this collision caused White's upper body to twist and resulted in White being jostled about the cab of the forklift. The injuries sustained by White were to his back and right shoulder.

On March 29, 2019, White filed his complaint with this Court. Service of this complaint was effected upon Eastern through its registered agent on April 29, 2019. Eastern's answer to the complaint was due on May 20, 2019. Pursuant to Superior Court Civil Rule 55(b)(2), White filed a Motion for Default Judgment after Eastern failed to file its answer by the May 20 deadline in accordance with the rules of civil procedure of the State of Delaware. White's Motion for Default Judgment was filed on June 13, 2019,

2

and default judgment was granted on July 12, 2019. This Court conducted an Inquisition Hearing on September 12, 2019, during which the amount of $56,629.22 was submitted to this Court. This Court entered its order for Default Judgment against Eastern on September 16, 2019, awarding White the amount submitted during the Inquisition Hearing.

Eastern contends that it never received notice of the Inquisition Hearing, and only learned of this action through entry of the Default Judgment against it on February 17, 2020. Eastern's explanation is that the procedures for notification of service of process by its registered agent was not sufficiently followed and that the complaint, while having reached Eastern personnel responsible for handling matters of litigation, was overlooked because of this internal procedural breakdown. Eastern's internal procedure for litigation matters involved the registered agent sending by regular mail the physical complaint and then sending via electronic mail an electronic version of the complaint. The electronic version was sent, but there is nothing in the record indicating what was done with the physical complaint once the registered agent acquired it.[1] Now, pursuant to Superior Court Civil Rule 60(b), Eastern moves that this default judgment be vacated on the grounds that there was an excusable neglect in not answering the initial complaint by the May 20, 2019, procedural deadline. Eastern has provided affidavits to support its motion.

**Standard of Review**

Motions to Vacate Default Judgments under Superior Court Civil Rule 60(b) are determined at the Court's discretion.[2] Although Rule 60(b) is to be construed liberally by the Court, three elements must be satisfied by the moving party's motion: 1) excusable neglect by the movant that prompted the default judgment; 2) the movant

---

1 All that is mentioned in Eastern's Motion to Vacate Default Judgment is that the registered agent did not send the complaint by regular mail.
2 *Mahoney v. Avantix Laboratories, Inc.*, 2007 WL 789440 (Del. Super. Crt. Mar. 13, 2007).

3

must have a meritorious defense to the complaint that could lead to a different outcome if the action was litigated on the merits; and 3) a showing that the plaintiff will not be substantially prejudiced by granting the motion.[3]

The first element, excusable neglect, is satisfied by showing "'that neglect which might have been the act of a reasonably prudent person under the circumstances.'"[4] Failure to show excusable neglect makes the other two elements moot.[5]

### Discussion

Generally speaking, courts favor a policy of resolving cases on the merits and disfavor entering default judgments.[6] Eastern claims it has satisfied the element for excusable neglect because its agent, having received the initial complaint from White, failed to follow its company procedure in forwarding the complaint to the appropriate personnel.[7] The procedure in question involved mailing a physical version of the complaint and sending via electronic mail an electronic version of the complaint to the appropriate personnel.[8] The electronic version of the complaint was properly forwarded, but the physical version was not.[9] The receiving principals failed to discover the electronic version. One of the principals, Robert Holsenback (hereafter "Holsenback"), claims to have zero recollection of receiving the electronic version, and the other, Chris Mason (hereafter "Mason"), claims that he did not look for the electronic version because he was transitioning to a different role within Eastern.[10] Mason admits to having seen the electronic mail containing the electronic version of the complaint but

---

3  *Id.*

4  *Id.* quoting *Battaglia v. Wilmington Savings Fund Society*, 379 A. 2d 1132 at 1135 n. 4 (Del. 1977).

5  *Apartment Communities Corp. v. Martinelli*, 859 A. 2d 67 at 72 (Del. 2004).

6  *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

7  Def.'s Motion to Vacate Default Judgment (hereafter "Def.'s Motion") at ¶ 3.

8  *Id.*

9  *Id.* at ¶¶ 16 – 17.

10 *Id.* at ¶¶ 18 – 22.

"took no action as he believed the email was intended for [Holsenback]."[11] Holsenback states that he simply "inadvertently overlooked it."[12]

Eastern's motion points to *Cohen v. Brandywine Raceway Association* in setting its legal standard for excusable neglect.[13] In *Cohen*, the reasonably prudent person standard for excusable neglect is distinguished from "carelessness and negligence."[14] "A mere showing of negligence or carelessness without a valid reason may be deemed insufficient. All the surrounding circumstances may be considered in determining the issue."[15] In this case, the circumstances are that Eastern had in place a procedure that ensured that a complaint from a potential plaintiff would reach the personnel responsible for answering them. That procedure involved the use of regular mail service and the use of electronic mail. The inference here is that the use of electronic mail was a backstop against failure for whatever reason with the regular mail service.

In light of these circumstances, White presents a more persuasive case on which this Court can rely in reaching its decision. In *Apartment Communities Corp. v. Martinelli*, the Delaware Supreme Court explained that the rules of civil procedure in Delaware are closely reflective of the federal rules.[16] Here the Delaware Supreme Court looked to two federal circuit opinions that involved the principal failing to receive service of a complaint against it from the registered agent due to mishaps in the regular mail service.[17] In both of these cases, the federal circuits concluded that an excusable neglect had not occurred, and, in one case, it was recommended that the principal should have implemented safeguards similar to that which Eastern has implemented to ensure

---

11 *Id.* at ¶ 22.
12 *Id.* at ¶ 19.
13 *Id.* at ¶ 10.
14 *Cohen v. Brandywine Raceway Ass'n*, 238 A. 2d 320 at 325 (Del. 1968).
15 *Id.*
16 *Apartment Communities Corp. v. Martinelli*, 859 A. 2d 67 at 71 (Del. 2004).
17 *Id.*

receipt of service of process.[18] It would stand to reason that, if, as in those federal circuit cases cited in *Martinelli*, a failure to receive service of process from the registered agent due to mishaps in the regular mail service did not constitute excusable neglect, then certainly failure to check electronic mail by those responsible for receiving service of process from registered agents would not be sufficient to claim excusable neglect. Furthermore, such a circumstance cannot give rise to excusable neglect when the apparent purpose of using electronic email is to ensure receipt of service in the event the regular mail service fails. In this case, the facts show that the principle for notice of physical mail and the redundant back-up system of electronic mail failed by neglect of Eastern personnel.

This Court's discretion must favor the resolution of disputes among parties on the merits; however, "litigants and their counsel may not be allowed with impunity to disregard the process of the Court."[19] Eastern had every reason to receive and promptly respond to White's complaint, but failed to do so because of "inadvertently overlooking" the complaint in the very mechanism that safeguarded against such an occurrence. Holsenback's duty was to monitor his electronic mail service for just such an item, and Mason's admission of having seen the email, recognizing that it contained a complaint, but failing to at least ask Holsenback if he has seen the email, indicates that carelessness was more the order of the day than was excusable neglect.

As this Court finds that Eastern fails to show excusable neglect, the elements of demonstrating a meritorious defense and that the plaintiff will not be substantially prejudiced need not be addressed.

---

18 *Id.*
19 *Cohen*, 238 A. 2d at 325; citing *Federal Enterprises, Inc. v. Frank Allbritten Motors, Inc.*, 16 F.R.D. 109 (W. D. Mo. 1954).

## Conclusion

**WHEREFORE**, as explained above, Defendant Eastern Lift Truck Company, Inc.'s Motion to Vacate Default Judgment is **DENIED**.

IT IS SO ORDERED.

*/s/ William L. Witham, Jr.*
Resident Judge

WLW/dmh
**IT IS SO ORDERED.**