# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHERI LYN NEUMOYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. N23C-06-050 JRJ |
| | ) | |
| J.B. HUNT TRANSPORT | ) | |
| SERVICES, INC., a foreign Corporation, | ) | |
| SAMUEL KEODOUANGSY, an | ) | |
| individual, and RALPH VAUGHN HILL, | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

Date Submitted:  January 10, 2024
Date Decided:  January 23, 2024

## ORDER

Upon consideration of Defendant Ralph Vaughn Hill's ("Hill") Motion to Vacate Default Judgment, Plaintiff Neumoyer's Opposition thereto ("Opposition"), and the record in this case, **IT APPEARS THAT:**

(1)  On July 1, 2021, while Hill was driving on Route 7, he and his passenger, Neumoyer, were involved in a motor vehicle accident when their vehicle collided with a tractor operated by Keodouangsy, allegedly resulting in injuries to Neumoyer.[1]

---

[1] Def.'s Mot. to Vacate Default J. ¶ 1, Trans. ID 71666197 (Dec. 20, 2023) ("Def.'s Mot.").

(2)     On June 6, 2023, Neumoyer commenced the instant suit against J.B. Hunt, Keodouangsy, and Hill asserting their negligence caused her injuries.[2] Included in Neumoyer's filings were a Praecipe and Summons to serve all defendants including Hill.[3]

(3)     On June 22, 2023, the Sheriff left process for Hill with Helen Passmore ("Passmore") at 14 Tamarack Ave, Wilmington, DE 19805.[4]  Hill resided in the basement of this residence.[5]

(4)     On November 2, 2023, Neumoyer filed a Motion for Default Judgment[6] and on November 6, 2023, Neumoyer mailed via first class mail and registered mail courtesy copies of the motion.[7]

(5)     Following no response by Hill, the Court granted Neumoyer's motion and entered Default Judgment against Hill on November 29, 2023.[8]

(6)     On December 20, 2023, Hill filed a Motion to Vacate Default Judgment, claiming that he was not notified of service of the Complaint and did not receive the alleged copies of Neumoyer's Motion for Default Judgment sent through

---

[2] Complaint, Trans. ID 70144594 (June 6, 2023).
[3] *Id.*
[4] Sheriff's Return, Trans. ID 70248325 (June 23, 2023).
[5] Def.'s Mot. ¶ 4.
[6] Pl.'s Mot. for Default J., Trans. ID 71301776 (November 2, 2023).
[7] Pl.'s Opp'n to Def.'s Mot. for Default J. Ex. C., Trans. ID 17140036 (Jan. 4, 2024) ("Pl.'s Opp'n").
[8] Order Granting Pl.'s Mot. for Default J., Trans. ID 71505762 (Nov. 29, 2023).

the mail.[9]  He argues that there was excusable neglect and a meritorious defense under Rule 60(b) because, while he originally received a traffic violation for following too closely behind, the ticket was dismissed and Neumoyer agrees that Hill was not following too closely behind when the accident occurred.[10]

(7)     Neumoyer filed an Opposition on January 4, 2024, arguing Hill has no basis for excusable neglect under Rule 60(b) because the Complaint was properly served under Superior Court Civil Rule 4.[11]

(8)     A motion to vacate default judgment pursuant to Superior Court Civil Rule 60(b)(1) is assessed at the discretion of the Court.[12]  To grant a motion under Rule 60(b), there are three elements the movant must show:

> "(1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits; and (3) a showing that a substantial prejudice will not be suffered by the plaintiff if the motion is granted."[13]

The Court will only reach the second two prongs if the movant is able to show excusable neglect.[14]

---

[9] Def.'s Mot. ¶¶ 7-9.

[10] *Id*. ¶¶ 10-14.

[11] Pl.'s Opp'n at 3-6

[12] Super. Ct. Civ. R. 60(b)(1); *Battaglia v. Wilmington Sav. Fund Soc'y*, 379 A.2d 1132, 1135 (Del. 1977)

[13] *Verizon Delaware, Inc. v. Baldwin Line Constr. Co.*, 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004).

[14] *Apartment Cmtys. Corp. v. Martinelli*, 859 A.2d 67, 72 (Del. 2004).

(9)    A movant may demonstrate excusable neglect by showing their actions "might have been the act of a reasonably prudent person under the circumstances."[15] Any doubt must be resolved in favor of the movant, but the movant is not allowed to disregard the process of the Court, meaning "a mere showing of negligence or carelessness without a valid reason may be deemed insufficient."[16]

(10)   Under Superior Court Civil Rule 4(f)(I), service of a complaint may be effectuated upon an individual personally or "by leaving copies thereof at that individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."[17]

(11)   Hill does not dispute that he lived at the address where the Complaint was served, nor does he dispute that Passmore lived at the residence and was someone of suitable age to accept the Complaint.[18]

(12)   While Hill argues that the last two prongs are met since he has a meritorious defense and there is no prejudice to the plaintiff, the Court is unable to reach those conclusions. For the Court to examine the second and third prongs, Hill must first show that there was excusable neglect.[19]

---

[15] *McMartin v. Quinn*, 2004 WL 249576, at * 1 (Del. Super. Feb. 3, 2004) (internal citations omitted).

[16] *Cohen v. Brandywine Raceway Ass'n*, 238 A.2d 320, 325 (Del. Super. 1968).

[17] Super. Ct. Civ. R. 4(f)(I).

[18] *See generally* Def.'s Mot.

[19] *Martinelli*, 859 A.2d at 72.

(13)   A Sheriff left copies with Passmore, who was of suitable age and residing within the residence with Hill.[20]  While Hill may claim that Passmore did not provide him with notice of the Complaint, the Complaint was properly served pursuant to Superior Court Rule 4.  Given the facts here, Hill is unable to establish excusable neglect and his Motion must be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Hill's Motion to Vacate Default Judgment is **DENIED.**

**IT IS SO ORDERED**.

        /s/ Jan R. Jurden
       Jan R. Jurden, President Judge

cc:  Prothonotary

---

[20] Sheriff's Return.