**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MASTERCRAFT CONTRACTING, : 
LLC, a Delaware Limited Liability :
Company, : C.A. No.: K23L-02-019 RLG
 :
          Plaintiff, :
 :
v. :
 :
KYLE BENJAMIN DYE, Owner : MECHANICS LIEN
or reputed owner of real property :
described herein, :
 :
          Defendant. :

## **ORDER**

Upon consideration of Defendant Kyle Benjamin Dye's ("Defendant") Motion to Set Aside Judgment, Plaintiff Mastercraft Contracting, LLC's ("Plaintiff") Opposition thereto ("Opposition"), and the record in this case, **IT APPEARS THAT:**

1. On or about December 23, 2022, Plaintiff and Defendant entered a contract whereby Plaintiff would install a new roof on Defendant's home and small shed for an agreed-upon price of $21,605.64. Plaintiff completed the contracted work on Defendant's home and shed on December 27, 2022. Defendant did not pay any of the contracted amount to Plaintiff.[1]

---

[1] Complaint, D.I. 1 (Feb. 20, 2023).

2.     On February 20, 2023, Plaintiff commenced the instant suit against Defendant asserting claims for Mechanics Lien and Breach of Contract. Plaintiff's filings included a Praecipe and Summons to serve Defendant.[2]

3.     On March 9, 2023, the Sheriff served Defendant personally with Plaintiff's Summons and Complaint at 241 Ryhill Drive, Dover, DE 19904.[3]

4.     On September 28, 2023, the Court issued a Superior Court Civil Rule 41(e) Notice to the parties.[4]

5.     On October 23, 2023, Plaintiff filed a Superior Court Civil Rule 4(F)4 ("Rule 4") Affidavit of Mailing and Posting of Notice to Lienholders and Tenants of Filing of Action, indicating that said Notice had been mailed to Defendant and posted at 241 Ryhill Drive, Dover, DE 19904.[5]

6.     On October 25, 2023, Plaintiff filed a Direction for Entry of Default Judgment, inclusive of attorney's fees. The Court subsequently entered Default Judgment against Defendant in the requested amount of $22,750.64.[6]

---

[2] Id.

[3] Sheriff's Return, D.I. 3 (Mar. 10, 2023).

[4] Letter – 41(e) Notice, D.I. 4 (Sept. 28, 2023).

[5] Aff. of Mailing and Posting, D.I. 5 (Oct. 23, 2023).

[6] Direction of Entry for Default J., D.I. 6 (1Oct. 25, 2023).

2

7. On December 21, 2023, Defendant filed a Motion to Set Aside Default Judgment, alleging that the work performed by Plaintiff was faulty and that he felt coerced into signing the contract at issue.[7]

8. Plaintiff filed an Opposition on January 12, 2024, arguing Defendant had no basis for excusable neglect under Superior Court Civil Rule 60(b) because the Complaint was properly served under Rule 4, and that Defendant failed to assert excusable neglect or any meritorious defense.

9. A motion to vacate default judgment under Superior Court Civil Rule 60(b)(1) is assessed at the discretion of the Court.[8] To grant a motion under Rule 60(b), there are three elements the movant must show:

> (1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits; and (3) a showing that [ ] substantial prejudice will not be suffered by the plaintiff if the motion is granted.[9]

"The Court will only reach the second two prongs if the movant is able to show

---

[7] Mot. to Set Aside J., D.I. 7 (Dec. 21, 2023).

[8] Super. Ct. Civ. R. 60(b)(1); Battaglia v. Wilmington Sav. Fund Soc'y, 379 A.2d 1132, 1135 (Del. 1977).

[9] Verizon Delaware, Inc. v. Baldwin Line Constr. Co., 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004).

excusable neglect."[10]

10.   A movant may demonstrate excusable neglect by showing his actions "might have been the act of a reasonably prudent person under the circumstances."[11] Any doubt must be resolved in favor of the movant, but the movant is not allowed to disregard the process of the Court. "A mere showing of negligence or carelessness without a valid reason may be deemed insufficient."[12]

11.   Under Rule 4, service of a complaint may be effectuated upon an individual personally.[13] Defendant does not dispute that he lived at the address where the Complaint was served.

12.   While Defendant argues that the last two prongs are met as he has a meritorious defense and there is no prejudice to Plaintiff, the Court cannot reach those conclusions. For the Court to examine the second and third prongs, Defendant must first show that there was excusable neglect.[14]

13.   A Sheriff left copies with Defendant. The Complaint was properly served pursuant to Rule 4. Given the facts here, Defendant is unable to establish

---

[10] Neumoyer v. J.B. Hunt Transp. Servs., Inc., 2024 WL 261164, at *2 (Del. Super. Jan. 23, 2024).

[11] McMartin v. Quinn, 2004 WL 249576, at * 1 (Del. Super. Feb. 3, 2004) (internal citations omitted).

[12] Cohen v. Brandywine Raceway Ass'n, 238 A.2d 320, 325 (Del. Super. 1968).

[13] Super. Ct. Civ. R. 4(f)(I).

[14] Neumoyer, 2024 WL 261164, at *2.

excusable neglect, and his Motion must be denied.

       **THEREFORE,** Defendant's Motion to Set Aside Judgment is **DENIED.**

       **IT IS SO ORDERED**, this 5th day of March 2024.

_____
Reneta L. Green-Streett, Judge