**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

|  |  |  |
|---|---|---|
| JAMES BARNES,<br>CAMERON BARNES<br>Plaintiffs, | ) ) ) ) ) ) | |
| v. | ) ) | Case No. CPU4-23-002631 |
| DELAWARE TRUCK<br>FLIPPERS LLC,<br>Defendant. | ) ) ) ) ) | |

Submitted: September 19, 2024
Decided: November 19, 2024

## ORDER AND DECISION ON DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

**Manning, J.**

1

## INTRODUCTION

This action concerns a commercial lease between James and Cameron Barnes (Plaintiffs), and Delaware Truck Flippers LLC (Defendant). Plaintiffs alleges that Defendant breached the lease agreement by failing to make the full payment each month. Plaintiffs commenced this action by filing a complaint and summons on August 30, 2023. Defendant was served the complaint through its registered agent, Legal Zoom, on September 5, 2023. Defendant subsequently failed to answer the complaint.

On November 3, 2023, Plaintiffs filed an affidavit for entry of default judgement pursuant to CCP Civil Rule 55(b)(1), which was granted by the Clerk of the Court.

On November 14, 2023, Defendant filed its Motion to Vacate Default Judgment. Defendant contends that it never received the complaint from its registered agent and the judgement should be vacated. The Court held a hearing on the motion on January 12, 2024, at which time the motion was denied without prejudice. Defendant was granted leave to refile an expanded motion within 45 days.

Defendant refiled its Motion on February 26, 2024. A second hearing was held on June 14, 2024, at which time the Court deferred ruling on Defendant's second motion to vacate. The Court directed Defendant's counsel to submit briefing as to any caselaw regarding excusable neglect that could be attributed to the fault of

2

registered agents. Defendants subsequently submitted a letter citing three cases germane to the issue. The Court invited Plaintiffs' counsel to submit a written response to the Defendant's letter within 30 days, which it did on August 19, 2024. Defendants did not submit any further response.

## PARTIES CONTENTIONS

Defendant contends it never received the complaint from its registered agent and that its registered is at fault because it did not provide notice to them via the correct email address. Defendant argues that it has a meritorious defense to the claims made and that it acted in good faith by promptly filing a motion to vacate as soon as it learned of the judgement. Defendant argues that, considering these facts, the Court should find that excusable neglect has been established and vacate the judgment pursuant to CCP Civil Rule 60(b)(1). Obviously, Plaintiffs disagree.

## DISCUSSION

Delaware corporations are required by law to have and maintain a registered agent and update as necessary the name, business address and telephone number of a natural person who is authorized to receive communications from the registered agent.[1] A corporation bears the responsibility of ensuring that their registered agent is informed as to when and whom a summons and complaint should be forwarded.[2]

---

[1] JumpCrew, LLC v. Bizconnect, Inc., 2022 WL 2828174, at *5 (Del. Super July 5, 2022).
[2] *Id.*

3

Following the second hearing on June 14, 2024, Defendant submitted a letter to the Court citing relevant caselaw it had located. Defendant's letter cited the following cases:

In *Jumpcrew v. Bizconnect, Inc.*[3], Bizconnect filed a motion to vacate a default judgment entered against it. Bizconnect asserted that their registered agent sent the summons and complaint to an old address for their receiving agent, and therefore their receiving agent never received it. The Delaware Superior Court held that Bizconnect's failure to provide their registered agent with their receiving agent's updated address did not constitute excusable neglect.

In *Williams* v. *Delcollo Electric, Inc.*[4], Delcollo was sent a letter from Williams's counsel indicating that Plaintiff was pursuing a claim against Defendant for negligence. Delcollo forwarded the letter to their insurance company and a file was opened at the insurance company regarding the claim. The claim was then assigned to an insurance staff adjuster. However, the adjuster assigned the claim retired shortly after. That same month Williams filed suit against Delcollo and personally served Delcollo's president with a copy of the complaint. The president forwarded a copy of the summons and complaint to the insurance company. The

---

[3] JumpCrew, LLC v. Bizconnect, Inc., 2022 WL 2828174, at *5 (Del. Super July 5, 2022).
[4] *Williams v. Delcollo Electric, Inc.*, 576 A.2d 683, 683-686 (Del. Super. June 15, 1989).

4

insurance company forwarded the summons and complaint to a law firm, with instructions to enter their appearance on behalf of Delcollo.

Unfortunately, the forwarded summons and complaint with instructions never arrived at the law firm due to an incorrect statement of their address. Williams sent a letter to the insurance adjuster that a default judgment will be entered if an answer was not received within 10 days. The insurance company received and filed the letter from Williams, but never reviewed it. As a result, a default judgment was entered against Delcollo. The Court held that the insurance company's neglect did not reach to the level of sheer indifference and that said neglect was excusable within the meaning of Delaware Superior Court Civ. R. 60(b).

In *Delgagdo v. I.C. Sys.*, a Federal case out of Illinois, Delgado properly served I.C. Systems registered agent; however, I.C. Systems registered agent accidently forwarded the complaint and summons to the wrong party and I.C. Systems never received the service documents.[5] The Court ruled that the mistake of the registered agent constituted excusable neglect because there was nothing in the record to suggest that I.C. System willfully ignored the pending litigation or willfully chose not to respond to the summons and complaint. The Court noted that "it is clear that I.C. System simply did not know—through no fault of its own—that a complaint

---

[5] *Delgado v. I.C. Sys.*, 2020 U.S. Dist. LEXIS 161367, at *1 (N.D. Ill. September 3, 2020).

(and later, a motion for default) had been filed."[6] The Court further held that there was no suggestion that I.C. Systems registered agent had a known track record for making these types of mistakes, such that I.C. System should have been suspicious of the reliability of its registered service agent.

The take-away from these cases is that when a registered agent fails to properly notify its client of a complaint and a default judgment is entered — *and it is through no fault of the client* — courts have found excusable neglect if the client otherwise acted promptly and diligently after learning of the default judgment.

Here, Defendant attached in Exhibit A purported email communications between Defendant and their registered agent, inquiring as to why the Defendant was not notified of the pending litigation.[7] The email communications in Exhibit A did not include a response from their registered agent, only that communications were sent by the Defendant to the registered agent.

More importantly, Defendant provided the Court with two separate email logs for the following addresses: *jon@dtfauto* and *mx12dezigns@aol*.[8] Defendant contends that the address *jon@dtfauto* is their only active email for receiving service. The log for email address *mx12dezigns@aol* shows that they received their last email from the registered agent on September 5, 2023, which was the date of service.

---

[6] *Id.* at *5.
[7] Def. Mot. to Vacate, Ex. A.
[8] Def. Mot. to Vacate, Ex. B.

Whereas the log for *jon@dtfauto* shows that emails were sent by the registered agent before and after the date of service. The contents of the emails that were sent to each address are not detailed in the log.

Notably, the log for *jon@dtfauto* contains the following entry:

```
4/7/2023 7:37    ALL_TR_AT_OTH_EmailAddressChangeSuccessfulWebRemainder_202106
jon@dtfauto.com
4/7/2023 7:36    ALL_TR_AT_OTH_EmailAddressChangeSuccessful_202102
jon@dtfauto.com
4/7/2023 7:36    ALL_TR_AT_OTH_EmailAddressChangeRequest_202106    jon@dtfauto.com
```

Thus, it appears that on April 7, 2023, Defendant requested that its email address be updated to *jon@dtfauto*, and that was successfully done the same day. What is somewhat confusing is that the registered agent apparently had, and used, both email address at various times.

Additionally, Exhibit B of Defendant's Motion indicates that an email was delivered to an incorrect email address after Delaware Truck Flipper provided an updated email for service to the registered agent.[9]

Plaintiffs contend that Defendant did not provide enough support to prove that Defendant took steps to keep its registered agent apprised of its physical address. Plaintiffs also contend that Defendant's explanations regarding the incorrect email address for service appears to be inconsistent with Defendant's registered agents advertised practices.

---

[9] *Id.*

7

## ANALYSIS

A motion to vacate a default judgment is within the sound discretion of the court.[10] Moreover, Delaware courts favor deciding cases on their merits whenever possible.[11] To vacate a judgment pursuant to CCP Civil Rule 60(b)(1), a party must satisfy three elements: (1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits; and (3) a showing that substantial prejudice will not be suffered by the plaintiff if the motion is granted.[12] After a "satisfactory explanation" has been established to prove excusable neglect, only then, may a court consider the second and third elements of the test.[13] Excusable neglect is neglect that may have been the act of a reasonably prudent person under the circumstances.[14] It is the movant's burden to demonstrate "excusable neglect."[15]

Based on the evidence provided by Defendant, it appears that *something* was sent by the registered agent to Defendant on September 5, 2023. It is also clear that the email address used was *not* the address Defendant had requested the registered

---

[10]*JumpCrew, LLC v. Bizconnect, Inc.*, 2022 WL 2828174, at *3 (Del. Super. July 5, 2022).
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*

agent update its email to, five months prior. Thus, it is unclear to the Court if the registered agent failed to inform Defendant of the pending litigation, sent the complaint to the wrong email address, or both.

In *Cohen v. Brandywine*, a case cited in the *Jumpcrew* decision, the Court stated that "the relief to be granted, if any, must be based upon the consideration of each case and any doubt should be resolved in favor of the [movant] because of the sound public policy favoring determination of actions on the merits." [16]

Here, Defendant had the responsibility to ensure that its registered agent was properly informed of its contact information, which it appears to have done on April 7, 2023. Therefore, the Court finds that a satisfactory explanation has been provided to establish the first prong of excusable neglect. As to the second element, Defendant, thru its pleadings, has put forth at least a plausible and meritorious defense to the claims alleged. Finally, vacating the judgment and scheduling the case for trial would not appear to prejudice the Plaintiff considering the nature of the claims and the short time that has elapsed since the case was originally filed.

---

[16] *Cohen v. Brandywine Raceway Assn.*, 238 A.2d 320, 325 (Del. Super. 1968).

## CONCLUSION

For the reasons stated above, Defendant's Motion to Vacate Default Judgment is GRANTED.

**IT IS SO ORDERED.**

Bradley V. Manning,
Judge