**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ETHAN GAZ,                                )
                                          )
      Plaintiff in Error,               )
                                          )     C.A.  No.  N25A-01-002  KMM
    v.                                    )
                                          )
DELAWARE DIVISION OF MOTOR                 )
VEHICLES and it's director,               )
AMY ANTHONY,                              )
                                          )
      Defendants in Error.              )

Submitted: November 5, 2025
Decided: January 7, 2026

## ORDER GRANTING MOTION TO DISMISS

***Factual Background***

1.      The basic facts are not in dispute.  In 2023, the Delaware Division of Motor Vehicles (the "DMV") issued a suspension of Plaintiff in Error Ethan Gaz's driver's license.  Through counsel, he requested an Administrative Hearing.  After the hearing was continued several times, it was scheduled for December 10, 2024 at the DMV at 2:00 p.m.

2.      The arresting officer was present at the DMV on December 10 at 2:00 p.m.  Gaz's counsel arrived at the DMV building at 2:15, according to counsel. According to the Hearing Officer, counsel arrived at 2:19 p.m.  The DMV provides a standard 15-minute grace period to appear at an administrative hearing.  When

counsel did not appear, the arresting officer was released at 2:17 and left the building. According to counsel, as he was entering the DMV building, he watched the officer drive away.

3.    Because neither counsel nor Gaz appeared, the Hearing Officer ruled against Gaz and his license was suspended, effective January 3, 2025.

4.    On January 24, 2025, Gaz filed his Complaint for Extraordinary Writ of Certiorari.[1] Gaz attempted service of process on Director Anthony and the DMV at the DMV in New Castle. The summons was returned *Non Est Inventus*, advising that the documents could not be served at the New Castle location and must be served at the Dover location.[2]

5.    On May 14, 2025, Gaz filed an Alias Praecipe, requesting service of process on Director Anthony[3] and the DMV at the DMV in Dover.[4] Service was made on August 15, 2025.[5]

***Motion to Dismiss***

6.    On September 4, 2025, Defendants in Error Director Anthony and the DMV, moved to dismiss under Rule 12(b)(5) and alternatively, under 12(b)(6).

---

[1] D.I. 1.
[2] D.I. 6–7.
[3] Ms. Anthony is the Director of the DMV.
[4] D.I. 8.
[5] D.I. 12–13.

7.     The Defendants challenge the sufficiency of service of process because Gaz did not attempt to serve any of the persons required by 10 *Del. C.* § 3103(c). The Defendants argue that under Rule 4(f)(1)(IV), Gaz was also required to serve the chief executive officer for the State of Delaware, *i.e.* the Governor.[6]  Because Gaz did not serve any of these persons, the Defendants argue that this case must be dismissed.

8.     Gaz admits that he did not serve the Governor, nor any person identified in Section 3103(c).  He instead relies on service of his filing on the Deputy Attorney General, presumably by mail.[7]

***Standard for Service of Process***

9.     Under Superior Court Civil Rule 12(b)(5), the Court may dismiss an action for insufficiency of service of process.[8]  Where service on a governmental organization is involved, Superior Court Civil Rule 4(f)(1)(IV) provides additional procedures for service of process.  In addition to serving the summons and complaint on the chief executive officer, service must satisfy other applicable law for the service of summons upon such defendant.[98]  Specifically here, 10 *Del. C.* § 3103(c)

---

[6] D.I. 15 (State's Motion) ¶ 16 (citing the Del. Const., Art. III, § 1 ("the supreme executive powers of the State shall be vested in a Governor.")).

[7] *See* D. I. 1, Notice of Motion.

[8] *Cohen v. Brandywine Raceway Ass'n*, 238 A.2d 320, 323 (Del. 1968) ("The right to challenge the sufficiency of service of process as being irregular or defective is well settled in Delaware.") (citation omitted).

[9] Super. Ct. Civ. R. 4(f)(1)(IV).

3

requires a plaintiff to personally serve one of the following three persons: (1) the Attorney General; (2) the State Solicitor; or (3) the Chief Deputy Attorney General.[10]

10.     Under Rule 4(j), a plaintiff is provided 120 days to serve the defendant with the summons and complaint and if plaintiff cannot show good cause why service of process was not completed in this time-period, the action "shall be dismissed." "Good cause," synonymous with good cause and excusable neglect, requires a showing of some reasonable basis for not complying with the time-period in Rule 4(j).[11] "Excusable neglect is defined as 'neglect which might have been the act of a reasonably prudent person under the circumstances.' In contrast, failure to perfect service as a result of *mistake, inadvertence, or 'half-hearted'* efforts does not qualify as excusable neglect."[12]

*Analysis*

11.     A writ of certiorari "is a writ issued by a superior to an inferior court of record, requiring the latter to send to the former . . . the record and proceedings in some cause already terminated, to the end that a party who considers himself

---

[10] *Drake v. State*, 1979 WL 195352 (Del. Super. Nov. 5, 1979); *Miller v. State*, 2003 WL 1900394, at *4 (Del. Super. June 16, 2009). 10 *Del. C.* § 3103(c) provides: "No service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General."
[11] *Woinski v. Emerson,* 2019 WL 2006486, at *4 (Del. Super. May 2, 2019).
[12] *Id.* (italics in original; citations omitted).

aggrieved by the determination of his rights by the inferior court, . . . may have justice done him."[13] It is fundamentally different from an appeal, which presents the issues to the reviewing court on the merits.[14] Whereas a writ of certiorari "brings up the record only so that the reviewing court can merely look at the regularity of the proceedings."[15] Thus, service of the complaint here must comply with Superior Court Civil Rule 4.

12.    The Delaware Code treats the State, agencies, administrative offices, and departments, as separate entities.[16] Thus, under Section 3103 and Rule 4(f), to properly effect service of process, at least two individuals must be served: the separate agency, department, or administrative office, through its chief executive officer (Rule 4(f)) and the Attorney General, the State Solicitor, or Chief Deputy Attorney General (Section 3103(c)).[17]

13.    The Defendants cite no statute or other authority for the proposition that the Governor must be served in addition to the State agency that is being sued. The

---

[13] *Shoemaker v. State*, 375 A.2d 431, 436–37 (Del. 1977) (citing Victor B. Woolley, *Practice in Civil Actions and Proceedings in the Law Courts of the State of Delaware* § 984 (1906)).
[14] *Id.* at 437 (citation omitted).
[15] *Id.*
[16] *Paitsel v. State,* 2016 WL 1424828, at *7 (Del. Super. Apr. 7, 2016) (citing *Johnson v. Delaware*, 2013 WL 1285114, at *4 (D. Del. Mar. 28, 2013) (recognizing that the chief executive officer of the agency being sued must be served, as well as the individuals identified in 10 *Del. C.* § 3103(c))).
[17] *Id.*

Court finds that Gaz was not required to serve the Governor to properly effect service of process in this matter.

14. Gaz filed this action on January 24, 2025. Thus, under Rule 4(j), he was required to complete service of process by May 24, 2025. Gaz admits that he did not attempt to serve the Attorney General, the State Solicitor, or Chief Deputy Attorney General. Gaz also did not seek to extend the time to serve process under Rule 4(j).

15. Where a plaintiff fails to timely effectuate service of process and makes no showing of good cause or good faith effort to secure service, the action must be dismissed even if it results in prejudice to the plaintiff.[18]

16. The complaint is DISMISSED under Rule 12(b)(5), without prejudice. The Court does not reach the Defendants' Rule 12(b)(6) arguments.

**IT IS SO ORDERED**.

/s/Kathleen M. Miller
Kathleen M. Miller, Judge

---

[18] *See Doe v. Catholic Diocese of Wilm. Inc.*, 2010 WL 2106181, at *5 (Del. Super. May 26, 2010) ("Not only does the law in Delaware not allow prejudice to be the single guiding factor, but our decisional law does not excuse any non-compliance with the jurisdictional requirements on that basis alone, as to do so would effectively emasculate the Rule."); *DeSantis v. Chilkotowsky*, 2004 WL 1790113, at *2 (Del. Super. July 27, 2004) (the court could not find excusable neglect where plaintiff offered no excuse for her failure to comply with Rule 4); *Agyeman v. Epic-Africa Foundation*, 2024 WL 2375109, at *5 (Del. Super. May 22, 2024) (dismissing complaint for failure to timely serve and failing to move for an extension of time, noting that the procedural rules are enforced to "ensure predictability, fairness, and efficiency.").